485 So.2d 274 (1986)
James R. STRINGER
v.
STATE of Mississippi.
No. 54580.
Supreme Court of Mississippi.
January 15, 1986.
Rehearing Denied April 9, 1986.
Denise Sweet-Owens, Jackson, James E. Ostgard, II, St. Paul, Mn., for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Marvin L. White, Jr., and Amy D. Whitten, Sp. Asst. Attys. Gen., Jackson, for appellee.
En Banc.
ANDERSON, Justice, for the Court:

MOTION TO VACATE OR SET ASIDE JUDGMENT AND SENTENCE
Petitioner James R. Stringer was convicted of capital murder and sentenced by a jury of the Circuit Court of the First Judicial District of Hinds County to suffer the death penalty. The conviction and sentence were affirmed unanimously by this Court on July 11, 1984, and rehearing was denied on August 15, 1984. The facts in this case and the ruling thereon are set forth in Stringer v. State, 454 So.2d 468 (Miss. 1984).
Stringer filed a petition for writ of certiorari in the United States Supreme Court which was denied on February 19, 1985, in Stringer v. Mississippi, ___ U.S. ___, 105 S.Ct. 1231, 84 L.Ed.2d 368 (1985).
Petitioner then filed this motion to vacate or set aside judgment and sentence on June 17, 1985, in accordance with the Mississippi Uniform Post Conviction Relief Act [collateral relief act, Mississippi Code Annotated, Section 99-39-1, et seq. (Supp. 1984)].
CLAIM
Petitioner was deprived of his right to effective assistance of counsel due to trial counsel's representation of multiple defendants.
At the time of Petitioner's trial, Petitioner had hired Sam Wilkins to represent Petitioner, Petitioner's son "Jimbo" and Petitioner's girlfriend, Tammy Williams, all charged with capital murder arising out of the same incident. Petitioner now alleges that trial counsel's improper representation of several defendants in the same case constituted a conflict of interest which rendered the assistance of counsel ineffective.
*275 This Court readily recognizes the rule that effective assistance of counsel encompasses the right to representation by an attorney who does not owe conflicting duties to other defendants as set forth in Glasser v. U.S., 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). However, the Court has repeatedly held that joint representation of co-defendants is not per se violative of the Sixth Amendment right to effective assistance of counsel. Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426, (1978); Beran v. U.S., 580 F.2d 324 (8th Cir.1978); U.S. v. Lawriw, 568 F.2d 98 (8th Cir.1977).
In Cuyler v. Sullivan, 446 U.S. 335, 350, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333, 348 (1980), the court stated:
We hold that the possibility of conflict is insufficient to impugn a criminal conviction. In order to demonstrate a violation of his Sixth Amendment rights, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance.
The Court in Irving v. Hargett, 518 F. Supp. 1127 (N.D.Miss. 1981), set forth the necessary determination of whether counsel in fact, slighted the defense of one defendant for that of another in order to establish a conflict. It has been firmly established that a potential for conflict or hypothetical or speculative conflicts will not suffice for reversal. The conflict must be actual. U.S. v. Alvarez, 580 F.2d 1251 (5th Cir.1978); Cuyler, supra. Therefore, we need not consider speculative possibilities of conflicts in attempts to plea bargain or use other possible defenses that were not raised at trial.
The petitioner in this case was tried first and all three defendants testified for the defense. Each defendant had similar interests and each consistently asserted the theory of alibi as a defense. Petitioner failed to show any instance where any of the three were in any adversarial or conflicting position during or as a result of the joint representation during either the guilt or sentencing phase of the trial.
In Thomas v. State, 472 So.2d 428 (Miss. 1985), petitioners argued that their guilty pleas should be set aside because of a conflict of interest which existed because they were both represented by the same attorney. This Court held that since both appellants insisted on sticking together and entering the same plea, there was no actual conflict of interest.
It is the opinion of this Court that the petitioner in this case has also failed to show any actual conflict of interest or prejudice as a result of the joint representation of multiple defendants.
This Court has carefully considered each of the petitioner's claims for relief and finds that all issues raised on direct appeal have been addressed and final determination made. Each of petitioner's claims were raised on direct appeal or they were not appealed at all, or were not raised at the trial level, rendering them procedurally barred or res judicata and are not subject to further review. Dufour v. State, 483 So.2d 307 (Miss. 1985); Tokman v. State, 475 So.2d 457 (Miss. 1985); Leatherwood v. State, 473 So.2d 964 (Miss. 1985). We further find that the claims brought forth in this petition are without merit. Therefore, petitioner's Motion to Vacate or Set Aside Judgment and Sentence is denied.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, and SULLIVAN, JJ., concur.