781 So.2d 135 (2000)
Clouis WITT a/k/a Clovis Witt, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-CP-00864-COA.
Court of Appeals of Mississippi.
August 15, 2000.
Rehearing Denied November 28, 2000.
Certiorari Denied March 15, 2001.
Clouis Witt, Appellant, pro se.
Office of the Attorney General by Deirdre McCrory, Jackson, Attorney for Appellee.
*136 BEFORE McMILLIN, C.J., LEE, AND MOORE, JJ.
MOORE, J., for the Court:
¶ 1. Appellant Clouis Witt was indicted by a Montgomery County grand jury for armed robbery. Although Witt initially plead not guilty to the crime charged, on April 16, 1996, he changed his plea to guilty. The circuit court sentenced Witt to twenty-five years in the custody of the Mississippi Department of Corrections. Subsequently, Witt filed his pro se motion for a new sentencing hearing under the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss.Code Ann. (Rev. 1994) §§ 99-39-1, et seq. Said motion was denied by the circuit court. On appeal from this denial of post-conviction relief, Witt presents the following issue for review

I. WHETHER THERE WAS A CONFLICT OF INTEREST RESULTING IN A VIOLATION OF APPELLANT'S CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.
Finding this assignment of error to be without merit, this Court affirms.

STATEMENT OF THE FACTS
¶ 2. On February 14, 1996, appellant Clouis Witt and co-defendants Kai Dale Hill and Javon Ward were arrested and charged with armed robbery. On March 26, 1996, a Montgomery grand jury indicted all three men on this charge, to which all three plead not guilty. Subsequently, on April 16, 1996, appellant Witt and co-defendant Hill, represented by their court appointed attorney Ray Baum, went before the circuit court and changed their pleas to guilty. After a thorough inquiry, the court determined that both defendants knew their rights and voluntarily waived them in changing their pleas to guilty. Upon recommendation by the State, the court sentenced both Witt and Hill to twenty-five years in the custody of the Mississippi Department of Corrections.
¶ 3. Also on April 16, 1996, co-defendant Ward came before the circuit court with his court-appointed attorney Lee Bailey to change his plea to guilty. The State recommended a sentence of ten years in the custody of the Mississippi Department of Corrections, with four years suspended, therefore leaving Ward with six years to serve. It was also recommended that Ward pay $6,000 in restitution. On the record, the State noted that it recommended a lower sentence for Ward because of his minor involvement in the crime: the fact that he did not go inside where the robbery was committed, and he did not display a weapon. Upon the determination that Ward's guilty plea was given voluntarily, the court instated the above sentence.
¶ 4. On April 15, 1999, appellant Witt filed his motion for a new sentencing hearing under the Mississippi Uniform Post-Conviction Collateral Relief Act. Upon the circuit court's denial of the motion, Witt filed this appeal.

LAW AND ANALYSIS

I. WAS THERE A CONFLICT OF INTEREST WHICH RESULTED IN A VIOLATION OF APPELLANT'S CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 5. Under this general assignment of error, Witt makes several arguments as to how his constitutional right to effective assistance of counsel was violated. The basis for all these arguments was that his counsel, Ray Baum, had a conflict of interest that in various ways resulted in violating this right. The circuit court, in denying Witt's motion for post-conviction relief, *137 held that since Witt was unable to demonstrate that an actual conflict of interest existed, his assertions of ineffective assistance of counsel were without merit. This Court affirms that finding.
¶ 6. We recognize the rule that "effective assistance of counsel encompasses the right to representation by an attorney who does not owe conflicting duties to other defendants," as established in Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Stringer v. State, 485 So.2d 274, 275 (Miss.1986). As stated, Witt makes the argument that his attorney had a conflict of interest that in turn violated his right to effective assistance of counsel. However, the lower court found, and this Court agrees, that appellant Witt alleges a conflict of interest based solely on the fact that his attorney represented two defendants. It is from this alleged "conflict" alone that Witt asserts there was ineffective assistance of counsel. As explained below, this in insufficient to establish such a violation.
¶ 7. The courts have repeatedly held that "joint representation of co-defendants is not per se violative of the Sixth Amendment right to effective assistance of counsel." Stringer, 485 So.2d at 275 (citing Holloway v. Arkansas, 435 U.S. 475, 482, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978)). In Stringer, the Mississippi Supreme Court set out the two prong test for establishing a violation of the defendant's Sixth Amendment right to effective assistance of counsel: "a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance." Stringer, 485 So.2d at 275 (citing Cuyler v. Sullivan, 446 U.S. 335, 350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)). The first prong of the test, that an actual conflict of interest must exist, is a concept that needs defining. An "actual conflict" means that "a potential for conflict or hypothetical or speculative conflicts will not suffice for reversal." Stringer, 485 So.2d at 275. Mississippi has applied the fifth circuit's definition of "actual conflict":
If a defense attorney owes duties to a party whose interests are adverse to those of the defendant, then an actual conflict exists. The interests of the other client and the defendant are sufficiently adverse if it is shown that the attorney owes a duty to the defendant to take some action that could be detrimental to his other client.
Irving v. Hargett, 518 F.Supp. 1127, 1144 (N.D.Miss.1981) (citing Zuck v. State of Alabama, 588 F.2d 436, 439 (5th Cir. 1979)).
¶ 8. Witt's entire argument that an actual conflict of interest existed at the time of plea negotiations and sentencing is based on the fact that his attorney represented co-defendant Hill jointly. In his brief, Witt states "that an overlap of counsel's duty to his co-defendant Hill infected counsel's representation of him at the sentencing phase of the judicial proceedings...." Witt offers nothing else to demonstrate that an actual conflict exists. From the above definition of "actual conflict," this does not meet the requirement. There was no showing that the two defendants had adverse interests, nor was there any showing that the attorney, Ray Baum, owed any duty to one of the defendants to take any action that would be detrimental to the other defendant. As a matter of fact, the Mississippi Supreme Court has held that "`[a] lawyer can represent two or more parties on the same side of a lawsuit if their interests are identical.'" Sykes v. State, 624 So.2d 500, 503 (Miss.1993) (quoting Littlejohn v. State, 593 So.2d 20, 26 (Miss.1992)). In this case, both defendants pled guilty to the crime, and Baum cut the same deal for both. This demonstrates that Witt's and Hill's interests were the *138 same. In complete agreement with the lower court, this Court finds that Witt failed to prove that an actual conflict existed; therefore, he failed to meet the first prong of Stringer.
¶ 9. As stated earlier, Witt raised various arguments as to how his constitutional right to effective assistance of counsel was violated. None of these arguments have merit however. Nonetheless, this Court will address Witt's arguments accordingly.
¶ 10. One of the first arguments made by Witt is that under Rule 1.7 of the Rules of Professional Conduct, knowing and informed consent of a criminal defendant after consultation of the advantages and risks involved, is a necessary prerequisite to joint representation. Although Witt correctly stated this portion of the rule, this requirement of informed consent applies only if a conflict exists. The rule is stated as follows:
(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless the lawyer reasonably believes:
(1) the representation will not adversely affect the relationship with the other client; and
(2) each client has given knowing and informed consent after consultation. The consultation shall include explanation of the implications of the representation and the advantages and risks involved.
Miss. R. Prof. Conduct 1.7. As established above, Witt's and Hill's interests were not adverse to one another, and no actual conflict of interest existed. Therefore, this argument is without merit.
¶ 11. Another argument that Witt raises is that the lower court should have made an inquiry into the propriety of any multiple representation. The United States Supreme Court in Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), stated that "nothing in our precedents suggest that the Sixth Amendment requires state courts themselves to initiate inquiries into the propriety of multiple representation in every case." Id. at 346. Taking this into consideration, the Cuylercourt held: "Unless the trial court knows or reasonably should know that a particular conflict exists, the court need not initiate an inquiry." Id. at 347 (emphasis added). Both defendants had confessed and had been offered recommendations of identical sentences; the trial court had no reason to suppose an actual conflict existed. Without such, the court was not required to make such an inquiry.
¶ 12. In agreement with the lower court that no actual conflict of interest existed, Witt's assertions of ineffective assistance of counsel, based upon a conflict of interest, are without merit. For this reason, we affirm the circuit court's denial of the motion for post-conviction relief.
¶ 13. THE JUDGMENT OF THE MONTGOMERY COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO MONTGOMERY COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.