803 So.2d 1277 (2002)
George HURLBURT, Appellant
v.
STATE of Mississippi, Appellee.
David Kessler, Appellant,
v.
State of Mississippi, Appellee.
Nos. 1999-KA-01354-COA, 1999-KA-01355.
Court of Appeals of Mississippi.
January 8, 2002.
*1279 Wm. Andy Sumrall, Jackson, Joseph (Sib) Abraham Jr., Austin, TX, Attorneys for Appellant
Office of the Attorney General by Jeffrey A. Klingfuss, Jackson, Attorney for Appellee.
Before KING, P.J., THOMAS, and LEE, JJ.
KING, P.J., For the Court.
¶ 1. David Kessler and George Hurlburt appeal their respective convictions, each having been convicted of possession of marijuana with intent to distribute and possession of methamphetamine. Kessler argues on appeal that there was a conflict of interest in the dual representation of both he and Hurlburt, that the indictment was fatally defective in that there was a variance between the language of the indictment and the language of the statute, and that error occurred when the trial judge admitted certain evidence. In this consolidated appeal, Hurlburt challenges the indictment and the trial judge's decision as to the suppression of evidence. Finding no error, we affirm.

FACTS
¶ 2. Kessler was stopped by law enforcement officers in Rankin County for driving his truck and trailer in an erratic manner. During the course of the stop, Kessler executed a written authorization to search his vehicle.
¶ 3. The officer then proceeded to search the vehicle with the aid of a police dog. Inside the locked trailer, the officers found Hurlburt. The dog alerted the officers to the presence of an illegal substance. After removing a metal panel from the trailer, the officers found more than one-half ton of marijuana stored in a secret compartment in the trailer.
¶ 4. In a joint trial, both Kessler and Hurlburt were convicted and received sentences of twenty-five years for possession of marijuana, and three years for possession of methamphetamine in addition to fines, court costs and fees.

ISSUES
¶ 5. Kessler raises the following issues on appeal:
I. WHETHER HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL DUE TO MULTIPLE REPRESENTATION.
II. WHETHER THE TRIAL COURT ERRED IN REFUSING TO DISMISS COUNT I OF HIS INDICTMENT DUE TO A FATAL VARIANCE BETWEEN THE LANGUAGE IN THE INDICTMENT AND THE CORRESPONDING STATUTORY LANGUAGE.
III. WHETHER THE TRIAL COURT ERRED IN DENYING HIS MOTION TO SUPPRESS EVIDENCE.
¶ 6. Hurlburt raises the following issues on appeal:
I. WHETHER THE TRIAL COURT ERRED IN REFUSING TO DISMISS COUNT I OF HIS INDICTMENT DUE TO A FATAL VARIANCE BETWEEN THE LANGUAGE IN THE INDICTMENT AND THE CORRESPONDING STATUTORY LANGUAGE.
II. WHETHER THE TRIAL COURT ERRED IN REFUSING TO SUPPRESS EVIDENCE.

ANALYSIS

1. Effective assistance of counsel.
¶ 7. Kessler maintains that both he and Hurlburt had separate and distinct defenses, *1280 which could only have been presented through separate representation. He argues that defense counsel's conflicting loyalties in representing both defendants violated the right to effective assistance of counsel.
¶ 8. Kessler was represented by a Texas attorney, who was not admitted to practice in Mississippi, who had retained local counsel. When Kessler's attorney failed to promptly seek limited admission to practice, the trial court directed local counsel to proceed on behalf of both defendants. Kessler suggests that this was error in the absence of obtaining a waiver agreeing to joint representation.
¶ 9. Establishing an ineffective assistance of counsel claim requires a party to demonstrate a deficiency in counsel's performance that is sufficient to constitute prejudice to his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Walker v. State, 703 So.2d 266, 268 (Miss.1997). Defendants making such a claim are saddled with the burden of showing the Strickland factors support an ineffective assistance of counsel claim. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Pursuant to Strickland, consideration of the totality of circumstances of each case must be contemplated in determining whether a defendant's counsel was ineffective. McQuarter, 574 So.2d at 687. "In deciding such a matter, there is a strong, though rebuttable, presumption that an attorney's conduct falls within the ambit of reasonable professional assistance." Id. Overcoming this presumption demands that a defendant establish a reasonable probability that, but for his attorney's unprofessional errors, the result or results of the legal proceeding would have been different. In examining a claim we regard a reasonable probability as a "probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. 2052.
¶ 10. It must be noted that dual representation does not create a per se conflict of interest. Littlejohn v. State, 593 So.2d 20, 26 (Miss.1992). The test applied on facts such as these and to impugn a criminal conviction is an actual conflict of interest that adversely affected the defense lawyer's performance. Stringer v. State, 485 So.2d 274, 275 (Miss.1986). Establishing a potential for conflict or hypothetical or speculative conflict will not suffice for reversal. Id. The conflict must be actual. U.S. v. Alvarez, 580 F.2d 1251, 1259 (5th Cir.1978). Even further, "[a]bsent special circumstances, ... trial courts may assume either that multiple representation entails no conflict or that the lawyer and his clients knowingly accept such risk of conflict as may exist." Cuyler v. Sullivan, 446 U.S. 335, 346-47, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). Prejudice is presumed where it is determined that defense counsel has breached his duty of loyalty by actively representing conflicting interests and the conflict of interest adversely affects his client. Cuyler, 446 U.S. at 348-50, 100 S.Ct. 1708. See also Strickland, 466 U.S. at 692, 104 S.Ct. 2052. The State in this case maintains that Kessler did not make a showing of actual conflict entitling him to a new trial.
¶ 11. Kessler suggests a conflict was apparent because separate counsel could have allowed him to testify that he was hired to drive the vehicle and trailer from El Paso and did not know about the drugs hidden in the sealed compartment. As a part of this testimony, Kessler suggests that the identification of the person who employed him may have been to the detriment of his co-defendant thereby placing trial counsel in an awkward position.
¶ 12. Kessler and Hurlburt were tried together. Each "could have" presented a defense of "lack of knowledge." We will *1281 not consider speculative possibilities of conflicts in their defenses, had those defenses been presented. Kessler has failed to establish any actual conflict of interest or prejudice as a result of the joint representation. He has failed to demonstrate any merit to the argument that his trial counsel was placed in an awkward position of conflict by his representation of both defendants.

2. Indictment
¶ 13. Both Hurlburt and Kessler maintain that the language in the indictment varied significantly from the statutory language. The statute states that it is unlawful to knowingly, among other things, "distribute" a controlled substance. Miss.Code Ann. § 41-29-139 (Supp.2000). Kessler and Hurlburt's indictments used the word "deliver" instead of "distribute." Therefore, they suggest that the indictment failed to charge them with a crime consistent with the statute. The State counters that both defendants were advised of the crime against them and that "distribute" and "deliver" connote the same meaning.
¶ 14. Pursuant to Mississippi Uniform Controlled Substances law found in sections 41-29-101 through XX-XX-XXX of the Mississippi Code, "`[d]eliver' or `delivery' means the actual, constructive, or attempted transfer from one (1) person to another of a controlled substance, whether or not there is an agency relationship." Miss. Code Ann. § 41-29-105 (Supp.2000). Under the statute, the law provides "`[d]istribute' means to deliver other than by administering or dispensing a controlled substance." Miss.Code Ann. § 41-29-105 (Supp.2000). According to this statute, distribute and deliver effectively mean the same thing. No merit exists in this claim.

3. Suppression of evidence.
¶ 15. Finally, Kessler and Hurlburt argue that the search of the trailer exceeded the voluntary consent and that evidence obtained pursuant to such a search was inadmissible. When Kessler was stopped, he was asked to consent to a search, which he did. A police canine walked inside the trailer and indicated that a controlled substance was aboard the trailer. Thereafter, Kessler was asked to follow officers back to the sheriff's department, which he did. At the station, officers proceeded to climb on top of his trailer and use a drill to unscrew and dismantle a part of the trailer to search the "void area" where the dog indicated drugs. Kessler maintains that his consent did not cover this intrusive a search.
¶ 16. Kessler, the person with control over the vehicle and trailer, consented to its search. Consent is a well established exception to the constitutional rule against warrantless searches. Townsend v. State, 681 So.2d 497, 501 (Miss. 1996). Once consent was given and the dog sensed the presence of an illegal substance, the officers had probable cause to search the area of the trailer to which the dog alerted. Millsap v. State, 767 So.2d 286 (¶ 21) (Miss.Ct.App.2000). That the officers had to use tools to extricate the metal panel where the police dog indicated the presence of an illegal substance is of no consequence. Once the dog alerted to that particular area, the officers had probable cause to search which included the necessary and reasonable means to carry out the search. Therefore, the officers were permitted to use the necessary means to investigate the area to which the dog alerted.
¶ 17. On these facts, we conclude that the search did not exceed Kessler's consent and that the evidence obtained from such a search was properly admitted.
¶ 18. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I POSSESSION *1282 OF MARIJUANA WITH INTENT TO DISTRIBUTE AND SENTENCE OF TWENTY-FIVE YEARS; COUNT III POSSESSION OF METHAMPHETAMINE AND SENTENCE OF THREE YEARS ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, SENTENCES TO RUN CONSECUTIVELY TO EACH OTHER AND ALL SENTENCES PREVIOUSLY IMPOSED AND FINE OF $5,000 WHICH IS SUSPENDED ON CONDITION OF FUTURE GOOD BEHAVIOR IS AFFIRMED AS TO BOTH APPELLANTS. COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANTS EQUALLY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.