FAIR, J.,
for the Court:
¶ 1. Christopher Ingram was indicted for the lustful touching of a child. He pled guilty in the Lauderdale County Circuit Court on December 7, 2007, and was sentenced to ten years imprisonment, with nine years and three hundred sixty-one days suspended. Ingram received credit for the four days he had served and was placed on post-release supervision for five years. Because of an unspecified disability, Ingram was unable to work, and his supervision fees were waived. On March 31, 2010, the circuit court revoked Ingram’s probation.
¶ 2. Ingram filed a timely motion for post-conviction relief (PCR) where he *1027 claimed he received ineffective assistance of counsel and that his plea was involuntary. The circuit court dismissed the motion without an evidentiary hearing, and Ingram appeals.
STANDARD OF REVIEW
¶ 3. The circuit court may dismiss a PCR motion without an evidentiary hearing “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Miss.Code Ann. § 99-39-11(2) (Supp.2011). To succeed on appeal, the PCR movant must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is proeedurally alive. Young v. State, 781 So.2d 1120, 1122 (¶ 9) (Miss.1999).
¶ 4. When reviewing a circuit court’s denial of a PCR motion, its factual findings will not be disturbed unless they are clearly erroneous. Presley v. State, 48 So.3d 526, 528-29 (¶ 10) (Miss.2010). However, this Court reviews questions of law de novo. Id.
DISCUSSION
1. Validity of the Guilty Plea
¶ 5. Ingram claims he is mentally disabled due to post-traumatic stress disorder (PTSD) and did not understand the guilty-plea proceeding. He asserts that this renders his plea invalid.
¶ 6. A plea of guilty is not binding on a criminal defendant unless it is entered voluntarily and intelligently. Myers v. State, 583 So.2d 174, 177 (Miss.1991). “A plea is deemed ‘voluntary and intelligent’ only where the defendant is advised concerning the nature of the charge against him and the consequences of the plea.” Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). “Specifically, the defendant must be told that a guilty plea involves a waiver of the right to trial by jury, the right to confront adverse witnesses, and the right to protection against self-incrimination.” Id. (citing Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). Ingram bears the burden of proving by a preponderance of the evidence that he is entitled to relief. See McClendon v. State, 539 So.2d 1375, 1377 (Miss.1989).
¶ 7. Uniform Rule of Circuit and County Court 9.06 states: “If before or during trial the court, of its own motion or upon motion of an attorney, has reasonable ground to believe that the defendant is incompetent to stand trial, the court shall order the defendant to submit to a mental examination....”
¶ 8. The record reveals that Ingram was thirty-one at the time of the plea hearing, had completed the sixth grade, and had read the plea petition with the assistance of his wife and attorney. Ingram acknowledged that he understood the petition. The trial judge questioned Ingram, determined he was not under the influence of any alcohol or drugs, and informed him of the rights he would be waiving if he pled guilty instead of having a jury trial. Further, Ingram was informed of the State’s proof and sentencing recommendation and affirmed that he understood the recommendation. He stated that he had not been offered anything to plead guilty and had been informed of the maximum and minimum sentences that could be imposed. There is simply nothing in the record that indicates Ingram’s plea was not knowing and voluntary.
¶ 9. Ingram suggests the trial court should have inquired further into his competency because he was disabled and unable to work. But the record gives no indication that Ingram’s disability was due *1028 to some form of mental incapacity. His claims of PTSD are entirely unsupported in the record, and there is no proof that even if Ingram had PTSD, that it would have altered his ability to voluntarily plead guilty. Ingram stated that he was not under the influence of any drugs, did not mention any history of mental illness, and told the court repeatedly that he understood the implications of his guilty plea. He even offered to begin paying his court fees that day. He participated fully in the plea colloquy and responded appropriately to every question asked. There was no reason for the tidal court to believe Ingram was incompetent to stand trial.
2. Effectiveness of Counsel
¶ 10. Ingram also claims he received ineffective assistance of counsel. To prove ineffective assistance of counsel, a defendant must show that counsel’s performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A strong presumption exists that counsel’s performance falls within the range of reasonable professional assistance. Id. at 689. Overcoming that presumption requires showing a reasonable probability that but for counsel’s errors, the result of the trial would have been different. Id. at 694. A prisoner seeking post-conviction relief must “allege both prongs of the above test with specific detail.” Coleman v. State, 979 So.2d 731, 735 (¶ 15) (Miss.Ct.App.2008) (citing Brooks v. State, 573 So.2d 1350, 1354 (Miss.1990)).
¶ 11. First, Ingram states that his counsel was ineffective because he failed to bring Ingram’s mental defect to the trial court’s attention. This claim is without merit as we have noted above.
¶ 12. Ingram’s remaining claim is that his counsel was ineffective because he failed to investigate the facts of the case. The only support for this allegation is an affidavit Ingram executed himself. This affidavit merely restates his allegations in general terms and provides no supporting evidence.
¶ 13. A PCR movant must produce “more than conclusory allegations on a claim of ineffective assistance of counsel.” Carpenter v. State, 899 So.2d 916, 921 (¶ 23) (Miss.Ct.App.2005). Bare allegations are insufficient to prove ineffective assistance of counsel. Mayhan v. State, 26 So.3d 1072, 1076 (¶ 10) (Miss.Ct.App.2009).
¶ 14. Further, Ingram’s attorney was able to get Ingram’s entire sentence suspended and his supervision fees waived. Ingram was sentenced to ten years with nine years and three hundred sixty-one days suspended. As the trial judge said to Ingram: “[I]f you go to trial and you are found guilty it would be very unusual that you would be offered a deal where you didn’t have time to serve initially.” And Ingram’s counsel testified that he had gone over the petition with Ingram, explained the elements of his offense, any defenses he may have, and the penalties that could be imposed. The court then asked Ingram if he had any questions to which he replied, “no, sir.”
¶ 15. Our supreme court has held that a PCR movant may not rely solely on his own self-serving affidavit or otherwise unsupported allegations in his brief. Vielee v. State, 653 So.2d 920, 922 (Miss.1995). And “where an affidavit is overwhelmingly belied by unimpeachable documentary evidence in the record such as, for example, a transcript or written statements of the af-fiant to the contrary to the extent that the court can conclude that the affidavit is a sham no hearing is required.” Gable v. State, 748 So.2d 703, 705-06 (¶ 8) (Miss.1999).
*1029 ¶ 16. We agree with the circuit court that Ingram’s claims of ineffective assistance of counsel are without merit.
¶ 17. THE JUDGMENT OF THE LAUDERDAJLE county circuit COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUD-ERDALE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.