# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-00653-COA

**NICHOLAS BEASLEY A/K/A NICHOLAS A. BEASLEY**                      **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/03/2021 |
| TRIAL JUDGE: | HON. STEVE S. RATCLIFF III |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CYNTHIA ANN STEWART |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALLISON ELIZABETH HORNE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 09/06/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WILSON, P.J., McCARTY AND SMITH, JJ.**

**SMITH, J., FOR THE COURT:**

¶1. Nicholas Beasley was indicted for one count of selling methamphetamine and one count of conspiracy to sell methamphetamine as a habitual offender and a subsequent drug offender. Beasley accepted a negotiated plea agreement and entered a guilty plea to the sale of methamphetamine as a habitual offender. The Madison County Circuit Court sentenced Beasley to serve twenty years in the custody of the Mississippi Department of Corrections (MDOC). Beasley subsequently filed a motion for post-conviction collateral relief (PCR) alleging that he received ineffective assistance of counsel, which the trial court denied. Beasley now appeals, arguing that his Sixth Amendment right to effective assistance of

counsel was violated and that his conviction should be set aside. Finding no error, we affirm.

## STATEMENT OF THE FACTS AND PROCEDURAL HISTORY

¶2. On October 24, 2017, a Madison County grand jury indicted Nicholas Beasley on two charges: one count for the sale of more than two grams but less than ten grams of methamphetamine within 1,500 feet of a church and one count for conspiracy to sell methamphetamine. He was indicted as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015) and as a subsequent drug offender under Mississippi Code Annotated section 41-29-147 (Rev. 2013). Beasley entered a guilty plea on May 14, 2018, and pled guilty to one count of the sale of methamphetamine as a habitual offender. Under the plea agreement, the State agreed to nolle prosequi the count for conspiracy to sell methamphetamine and to drop the subsequent-drug-offender enhancements. The trial court sentenced Beasley to serve twenty years in MDOC's custody.

¶3. Thereafter, on May 6, 2021, Beasley filed a PCR motion in the trial court. He claimed that he received ineffective assistance of counsel due to his counsel's failure to acquire, provide, and review discovery before Beasley entered his guilty plea; failure to pursue and offer mitigating evidence of his rehabilitation; and inherent conflict of interest in representing drug dealers. The trial court dismissed Beasley's motion on June 3, 2021, upon finding that the face of the motion clearly showed Beasley was not entitled to relief. Aggrieved, Beasley appeals.

## STANDARD OF REVIEW

¶4. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only

disturb the trial court's decision if the trial court abused its discretion and the decision is clearly erroneous." *Miles v. State*, 301 So. 3d 718, 721 (¶8) (Miss. Ct. App. 2020) (quoting *Green v. State*, 242 So. 3d 176, 178 (¶5) (Miss. Ct. App. 2017)).

**DISCUSSION**

¶5.     Beasley claims his Sixth Amendment right to effective assistance of counsel was violated by the attorney who represented Beasley in his guilty-plea proceedings. Beasley alleges his trial attorney's representation was deficient based on a failure to acquire and provide discovery before Beasley entered a plea and a failure to advocate evidence of Beasley's rehabilitation. Beasley also raises a claim of ineffective assistance of counsel on the ground that his trial attorney represented him despite an inherent conflict of interest.

¶6.     "To succeed on an ineffective-assistance-of-counsel claim, [the defendant] must meet both prongs of the test laid out in *Strickland v. Washington*, 466 U.S. 668, 687 (1984) . . . ." *Lovett v. State*, 270 So. 3d 133, 135 (¶5) (Miss. Ct. App. 2018). Under the two-part test in *Strickland*, "[f]irst, the defendant must show that counsel's performance was deficient." *Id.* (quoting *Strickland*, 466 U.S. at 687). Second, the defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. (quoting *Strickland*, 466 U.S. at 694). "As applied to the plea process, the focus of the first prong remains the same, while the second prong focuses on whether counsel's unprofessional performance affected the outcome." *McBride v. State*, 108 So. 3d 977, 980 (¶11) (Miss. Ct. App. 2012) (quoting *Hannah v. State*, 943 So. 2d 20, 24 (¶6) (Miss. 2006)).

¶7. Mississippi caselaw holds that "[a] prisoner seeking post-conviction relief must 'allege both prongs of the above test with specific detail.'" *Ingram v. State*, 107 So. 3d 1024, 1028 (¶10) (Miss. Ct. App. 2012) (quoting *Coleman v. State*, 979 So. 2d 731, 735 (¶15) (Miss. Ct. App. 2008)). "The burden is on the defendant to bring forth proof which demonstrates that both prongs of the *Strickland* test are met." *Anderson v. State*, 766 So. 2d 133, 136 (¶10) (Miss. Ct. App. 2000). Additionally, "the claim must be supported by affidavits other than his own." *Cook v. State*, 301 So. 3d 766, 778 (¶36) (Miss. Ct. App. 2020) (quoting *Shavers v. State*, 215 So. 3d 502, 507 (¶14) (Miss. Ct. App. 2016)).

## I.     Obtaining and Providing Discovery

¶8. Beasley first argues that his trial attorney's representation was deficient because the attorney failed to obtain or provide to Beasley any discovery before he entered a guilty plea. To support this claim, Beasley recounts statements from an alleged conversation between his mother, his wife, and his attorney. Beasley offered statements supposedly made by his attorney indicating that the attorney did not have an opportunity to obtain and review audio and video evidence in Beasley's case before Beasley decided whether to enter a plea deal. Attached to Beasley's PCR motion was an affidavit from a different attorney not involved in Beasley's representation who attested to the fact that she always was provided with discovery and evidence to review when she represented other defendants in Madison County.

¶9. Contrary to Beasley's claims, a review of the evidentiary record shows that his trial attorney did request and obtain discovery before Beasley pled guilty. The record includes a motion for discovery that was dated and filed on February 23, 2018, in which Beasley's trial

4

attorney made a request to the State to disclose evidence in its possession for Beasley's case for the defense to review. The motion specifically included a provision requesting a copy of any recorded statement of the defendant and any physical evidence, photographs, and data or information that existed in electronic form. The record shows that the State subsequently responded with a letter dated March 13, 2018, which expressed that the State had received the defense attorney's request for discovery and, in turn, had enclosed the discovery materials on file.

¶10.    We find Beasley's claim is without merit. Beasley not only failed to offer sufficient evidence to support his assertions, but the record in fact contradicts his claim and shows that his trial attorney did obtain discovery before Beasley entered his guilty plea. Beasley's claim is only supported by bare assertions in his PCR motion recalling that his attorney made certain comments during a previous conversation. "Our supreme court has held that a PCR movant may not rely solely on his own self-serving affidavit or otherwise unsupported allegations in his brief." *Ingram*, 107 So. 3d at 1028 (¶15). Beasley did not provide any corroborating evidence from the record or offer a personal affidavit to attest to his trial attorney's alleged deficiency in providing discovery. While Beasley's PCR motion was accompanied by an affidavit from another person, the affidavit was from an attorney who had no firsthand knowledge about the circumstances of Beasley's case. The affidavit merely stated generalizations about her experience with obtaining discovery for other defendants in the past but did not help to establish whether Beasley's trial attorney specifically obtained or reviewed with Beasley any discovery in this case.

¶11.    Based on the evidence in the record, we cannot find that Beasley's trial attorney failed to obtain any discovery as Beasley alleges. Furthermore, Beasley did not present evidence in his PCR motion to support his contention that his trial attorney had failed to review or provide him with the discovery materials, which the attorney clearly had obtained from the State before Beasley entered his guilty plea. Thus, Beasley's claim fails to meet the first prong of the *Strickland* test. Additionally, we cannot find that Beasley made any attempt to argue that his trial attorney's alleged deficiency in providing disclosure would have affected the outcome of the case. Thus, Beasley fails to meet the second prong of the *Strickland* standard as well.

## II.    Advocating Rehabilitative Evidence

¶12.    Second, Beasley claims his trial attorney's representation was deficient because the attorney failed to seek out evidence of Beasley's rehabilitation to provide to the State as a mitigating factor when advocating for Beasley during plea negotiations. According to Beasley, his plea offer likely would have changed considerably if his attorney had provided the State with the mitigating evidence of his rehabilitation. Beasley's argument points to record excerpts submitted along with his PCR motion that consist of a collection of letters, various employment records, and a certificate of recovery.

¶13.    After a review of the record, we find Beasley's claim fails to meet both prongs of *Strickland*. Beasley does not offer any evidence or affidavits to substantiate his allegations that his trial attorney failed to pursue mitigating evidence or to prove that his plea deal would have changed. "In cases involving post-conviction collateral relief, 'where a party offers only

6

his affidavit, then his ineffective-assistance-of-counsel claim is without merit.'" *Mooney v. State*, 130 So. 3d 145, 147 (¶12) (Miss. Ct. App. 2013) (quoting *Watts v. State*, 97 So. 3d 722, 726 (¶12) (Miss. Ct. App. 2012)). Rather, we find the record proves that Beasley's trial attorney did provide mitigating evidence to the State and to the trial court, which effectively invalidates the basis of Beasley's argument. The transcripts from Beasley's guilty plea hearing indicate that his trial attorney presented the trial court with a letter from Beasley's parole officer explaining that Beasley maintained employment and was a model parolee. Additionally, the attorney advocated for Beasley on the record at the hearing and argued that Beasley had changed his life on his own initiative and had voluntarily turned himself in after learning of his warrant. The transcripts also include a statement from the prosecutor expressing that Beasley's trial attorney had been in communication numerous times in pursuit of a more favorable plea deal for Beasley. Therefore, we find Beasley's claim that his trial attorney failed to advocate in his behalf and provided deficient representation lacks merit.

### III. Conflict of Interest

¶14. Lastly, Beasley claims his trial attorney provided ineffective assistance of counsel as a result of an inherent conflict of interest. Beasley alleges the attorney told Beasley's mother that the reason the attorney went into the practice of law was to see drug dealers put away because the attorney had "lost his brother to drugs." Accordingly, Beasley implies it was a conflict of interest for his trial attorney to represent him in this case, as Beasley was indicted on charges for the sale of drugs.

¶15. "Conflict-of-interest claims involving attorneys in criminal cases are a species of

7

ineffective assistance of counsel under the Sixth Amendment." *Galloway v. State*, 298 So. 3d 966, 974 (¶43) (Miss. 2020). Our supreme court has stated that "to demonstrate a violation of his Sixth Amendment Rights, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance." *Crawford v. State*, 192 So. 3d 905, 918 (¶58) (Miss. 2015) (quoting *Armstrong v. State*, 573 So. 2d 1329, 1333 (Miss. 1990)). Further, this Court has previously held that "[a]n 'actual conflict' means that 'a potential for conflict or hypothetical or speculative conflicts will not suffice for reversal.'" *Witt v. State*, 781 So. 2d 135, 137 (¶7) (Miss. Ct. App. 2000) (emphasis omitted) (quoting *Stringer v. State*, 485 So. 2d 274, 275 (Miss. 1986)).

¶16.    Again, Beasley's PCR motion lacked evidence proving that his trial attorney made the alleged statement or otherwise corroborating his claim that the attorney suffered from a conflict of interest. The conflict raised here is solely based on Beasley's unsupported allegations that his trial attorney's representation was affected by the attorney's own self-interest. Beasley's claim is based on mere conclusory allegations in his PCR motion, and "[b]are allegations are insufficient to prove ineffective assistance of counsel." *Ingram*, 107 So. 3d at 1028 (¶13). As a result, we find this claim is without merit.

## CONCLUSION

¶17.    Based on the foregoing reasons, we find that none of Beasley's asserted claims meet the two-prong *Strickland* test required to establish ineffective assistance of counsel. Beasley's PCR motion did not include evidence to substantiate that his trial attorney's representation was deficient, and the motion lacked supporting affidavits related to Beasley's

specific claims. Therefore, we affirm the trial court's denial of Beasley's PCR motion.

¶18.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR. EMFINGER, J., NOT PARTICIPATING.**