979 So.2d 731 (2008)
Efrem COLEMAN, Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-CP-00369-COA.
Court of Appeals of Mississippi.
April 1, 2008.
*732 Efrem Coleman, Appellant, pro se.
Office of the Attorney General, by Laura Hogan Tedder, attorney for appellee.
Before MYERS, P.J., GRIFFIS and ROBERTS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Efrem Coleman appeals the trial court's order dismissing his motion for post-conviction collateral relief. As error, Coleman asserts: (1) he was denied due process when the trial court did not advise him that he had a right to a direct appeal of his sentence, (2) he was denied due *733 process when he was convicted of the offense in his indictment without having admitted all of the required elements, (3) the indictment was flawed because it did not list the judicial district, (4) his trial counsel was ineffective, and (5) the trial court should have granted him an evidentiary hearing. We find no error and affirm.

FACTS
¶ 2. On April 6, 2006, Coleman pleaded guilty to the sale of cocaine in the Circuit Court of Lee County. At the time of his guilty plea, Coleman was forty-one and had an eleventh grade education. During the hearing, Coleman testified that his plea was given freely and voluntarily. He stated that no one had tried to threaten or coerce him in order to make him plead guilty. The trial judge listed every right that Coleman was waiving by pleading guilty. Coleman stated that he understood that he was waiving these rights and that he still wanted to plead guilty. Coleman acknowledged the elements of his crime and pleaded guilty.

ANALYSIS
I. Whether the trial court erred by not informing Coleman that he had the right to appeal his sentence.
¶ 3. Coleman argues that the trial court should have informed him that he had a right to appeal his sentence. He cites Trotter v. State, 554 So.2d 313 (Miss. 1989) for the proposition that a defendant who pleads guilty has a right to appeal his sentence and that the trial judge must inform the defendant of this right.
¶ 4. Coleman is only partially correct. Trotter does state that a criminal defendant who pleads guilty may challenge the sentence that results from the guilty plea on direct appeal, even though he or she may not challenge the conviction that results from a guilty plea. Trotter, 554 So.2d at 315. However, Trotter does not stand for the proposition that a trial judge must inform a criminal defendant about his right to directly appeal the sentence resulting from the guilty plea.
¶ 5. Uniform Rule of Circuit and County Court Practice 8.04(A)(4) lists the "Advice" that a trial judge must give to a criminal defendant during a guilty plea. The trial court must interrogate the defendant and determine the following:
a. That the accused is competent to understand the nature of the charge;
b. That the accused understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law;
c. That the accused understands that by pleading guilty (s)he waives his/her constitutional rights of trial by jury, the right to confront and cross-examine adverse witnesses, and the right against self-incrimination; if the accused is not represented by an attorney, that (s)he is aware of his/her right to an attorney at every stage of the proceeding and that one will be appointed to represent him/her if (s)he is indigent.
URCCC 8.04(A)(4). The trial court must also determine that a plea is given "voluntarily and intelligently." URCCC 8.04(A)(3).
¶ 6. The rules do not require that a trial judge inform a defendant that he or she has the right to appeal his or her sentence. Furthermore, Coleman has not pointed to any error in his sentence and has merely stated that the trial court could have given him a lighter sentence. Coleman was sentenced to serve eight years, with twelve years of post-release supervision. The trial judge determined that she could sentence Coleman to a maximum of thirty years. Miss.Code Ann. § 41-29-139(b)(1) *734 (Rev.2005). However, the trial judge decided that a lighter sentence was more appropriate. We have held that "[a]s a general rule, a sentence that does not exceed the maximum period allowed by statute will not be disturbed on appeal." Bell v. State, 769 So.2d 247, 251(¶ 9) (Miss.Ct. App.2000). Coleman's sentence is well below the maximum sentence for the sale of cocaine. Thus, we find that this issue is without merit.
II. Whether the record contained a sufficient factual basis to support Coleman's conviction and whether or not he admitted all the elements required to support his conviction.
¶ 7. Coleman next argues that his guilty plea is invalid because he did not admit the elements of his crime. Coleman appears to argue that his guilty plea was not based upon sufficient facts, and we will address it as such. He also claims that he did not admit or concede jurisdiction.
¶ 8. Uniform Rule of Circuit and County Court Practice 8.04(A)(3) states that, "[b]efore the trial court may accept a plea of guilty, the court must determine that . . . there is a factual basis for the plea." The Mississippi Supreme Court has defined "factual basis." The court explained that "[i]n the end there must be enough that the court may say with confidence the prosecution could prove the accused guilty of the crime charged, `that the defendant's conduct was within the ambit of that defined as criminal.'" Corley v. State, 585 So.2d 765, 767 (Miss.1991) (quoting United States v. Broce, 488 U.S. 563, 570, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989)). The court proceeded to give examples of the proof required to show a factual basis, but it emphasized that "[n]one of this is to say that the defendant's admission, standing alone, may not suffice, nor that we may not take the testimony of the accused in conjunction with all else in deciding that there is an adequate factual basis for the plea." Id. (emphasis added). Furthermore, we have previously held that "if sufficiently specific, an indictment or information can be used as the sole source of the factual basis for a guilty plea." Drake v. State, 823 So.2d 593, 594(¶ 6) (Miss.Ct. App.2002) (citation omitted).
¶ 9. Coleman was charged with and pleaded guilty to the crime of selling a controlled substance, cocaine. This crime is defined as follows: "it is unlawful for any person knowingly or intentionally . . . [t]o sell, barter, transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, manufacture, distribute, or dispense a controlled substance." Miss.Code Ann. § 41-29-139(a)(1) (Rev. 2005). During Coleman's plea, the trial judge and Coleman had the following discussion:
Q. Okay. Mr. Coleman, in Cause No. CR05-531, the Court is advising you that on the 3rd day of May, 2005, it is alleged that you did willfully, unlawfully, and feloniously sell, transfer, or distribute to Josh Moore a quantity of cocaine, a Schedule II controlled substance. Do you understand the charge in this indictment?
A. Yes, ma'am.
Q. Did you commit the crime?
A. Yes, ma'am.
¶ 10. As stated above, in Corley, the supreme court held that a defendant's admission alone may establish a factual basis for the guilty plea, so long as a trial court "[can] say with confidence the prosecution could prove the accused guilty." Corley, 585 So.2d at 767. Here, Coleman's indictment was sufficiently specific to establish a factual basis for Coleman's guilty plea. After reviewing the record, we find that the trial court was presented with enough *735 evidence to determine that there was a sufficient factual basis for the plea. Therefore, we find that this issue is without merit.
III. Whether or not the indictment contains the jurisdictional elements of the crime charged.
¶ 11. Coleman argues that his indictment violated Uniform Rule of Circuit and County Court Practice 7.06(4) because, "[a]n indictment shall also include . . . [t]he county and judicial district in which the indictment is brought. . . ." URCCC 7.06(4). The State argues that the indictment lists the county and that this sufficiently meets the requirements of Rule 7.06 because Lee County has only one judicial district.
¶ 12. The supreme court "has held that a guilty plea waives any claim to a defective indictment." Harris v. State, 757 So.2d 195, 197(¶ 9) (Miss.2000). Waiver aside, Coleman's argument also fails because the indictment was valid. In Harris, the supreme court held that an indictment was valid even though it did not list the judicial district; "[b]ecause Lamar County only has one judicial district, there is no error." Id. at 198-99(¶ 15). Here, Lee County only has one judicial district, and the indictment stated that it was brought in Lee County. Therefore, we find that this issue has no merit.
IV. Whether Coleman's counsel was ineffective.
¶ 13. Coleman's fourth assignment of error is that his counsel was ineffective because he: (1) failed to inform him of the elements of the crime, (2) did not properly inform him of all parts of the plea agreement, and (3) did not investigate the evidence. Coleman also argues that his attorney and the trial judge coerced him to plead guilty because they told him that he had to plea or he was going to trial.
¶ 14. To prove ineffective assistance of counsel, a defendant must show that: (1) his counsel's performance was deficient and (2) this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden of proof rests with the defendant. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Under Strickland, there is a strong presumption that counsel's performance falls within the range of reasonable professional assistance. Strickland, 466 U.S. at 689, 104 S.Ct. 2052. To overcome this presumption, "[t]he defendant must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. 2052.
¶ 15. Coleman must allege both prongs of the above test with specific detail. Brooks v. State, 573 So.2d 1350, 1354 (Miss.1990). In cases involving post-conviction collateral relief, "where a party offers only his affidavit, then his ineffective assistance claim is without merit." Vielee v. State, 653 So.2d 920, 922 (Miss.1995). Coleman presented no affidavits along with his petition. He merely relies on the assertions in his brief. This does not satisfy the requirements of Vielee.
¶ 16. Further, Coleman failed to satisfy the two prongs of Strickland. Coleman has not come forward with specific proof showing that his counsel was deficient. Coleman testified under oath, during his guilty plea, that he was satisfied with his attorney's representation.
¶ 17. Even if Coleman could establish prong one of Strickland, he could not establish that his counsel's representation prejudiced him under prong two. First, the trial judge informed Coleman of the elements of the his crime. Second, the *736 record clearly shows that the trial judge and Coleman's attorney went to great lengths to lead Coleman through the plea process and made sure that his plea was intelligent and voluntary. Third, Coleman has not specifically shown how his attorney's lack of investigation has prejudiced his case. Coleman has not told this Court what his attorney would have uncovered and how this evidence would have helped his case. Finally, Coleman's argument that he was coerced to plead guilty is without merit. He says that his attorney and the trial judge forced him to either plead guilty or go to trial. There is nothing to support this claim. The actions by the trial court and counsel were not a violation of Strickland. We find no error with this issue.
V. Whether the trial court erred in denying Coleman's motion for post-conviction collateral relief without an evidentiary hearing.
¶ 18. Coleman argues that the trial court erred when it dismissed his motion for post-conviction collateral relief without granting him an evidentiary hearing. In Hebert v. State, 864 So.2d 1041, 1045(¶ 11) (Miss.Ct.App.2004) (internal citations omitted), this Court held that:
A trial court has considerable discretion in determining whether to grant an evidentiary hearing. Not every motion for post-conviction relief filed in the trial court must be afforded a full adversarial hearing. A trial judge may disregard the assertions made by a post-conviction movant where, as here, they are substantially contradicted by the court record of proceedings that led up to the entry of a judgment of guilt.
We find that the trial court did not err in dismissing Coleman's petition for post-conviction collateral relief without an evidentiary hearing in this case because Coleman's assertions are substantially contradicted by the court record. Thus, we find that this issue has no merit.
¶ 19. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT DISMISSING MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.