MYERS, P. J.,
 

 for the court.
 

 ¶ 1. Ronnie Mitchener pleaded guilty in the Lowndes County Circuit Court to one count of kidnaping, for which the circuit court sentenced Mitchener to twenty years in the custody of the Mississippi Department of Corrections. Mitchener subsequently filed a motion for post-conviction relief (PCR), which was dismissed by the circuit court. On appeal, this Court reversed and remanded for an evidentiary hearing.
 
 [1]
 
 Following an evidentiary hearing on remand, the circuit court denied the PCR motion, and Mitchener appeals. Finding no grounds to disturb the circuit court’s findings, we affirm.
 

 FACTS
 

 ¶ 2. Mitchener was arrested by the Ok-tibbeha County Sheriffs Department on January 8, 2004, for kidnaping Adam Lee Boterf. A short time later, he hired Jackson “Jack” Brown as defense counsel.
 

 ¶ 3. Bond was subsequently denied, and Mitchener was sent to the Mississippi State Hospital at Whitfield for a mental evaluation, where it was determined that he was competent to stand trial. Mitchener was indicted by a Lowndes County grand jury for one count of kidnaping on May 7, 2004. Mitchener was returned to Lowndes County in June 2004, where he initially entered a plea of not guilty. While there were plea negotiations, Mitchener was never offered an agreed sentence recommendation by the State. Mitchener ultimately offered an “open plea” of guilty, and the circuit court accepted it. Following a sentencing hearing, the circuit court sentenced Mitchener to twenty years’ imprisonment.
 

 ¶ 4. Mitchener testified at the PCR hearing that Brown induced him to plead guilty by repeatedly promising or guaranteeing that if he pleaded guilty, Mitchener would be sentenced to time served and probation. Mitchener testified that he believed Brown had an arrangement with the judge and that Brown had told him, “I’ve got you covered.” Mitchener testified that Brown told him to “roll[] with the flow” during the plea colloquy, specifically instructing Mitchener to deny that he had been promised a lenient sentence in exchange for his guilty plea. Mitchener also produced several witnesses who testified that Brown had either told them Mitchener would be sentenced to time served or that they had overheard Brown promise Mitchener that he would be sentenced to time served and probation.
 

 
 *1220
 
 ¶ 5. The State called Brown, who denied promising or guaranteeing that Mitchener would receive time served and probation. Brown testified that he had explained to Mitchener his options regarding whether he should go to trial or plead guilty. Brown admitted that he had recommended Mitchener plead guilty; however, he stated that Mitchener understood that the circuit court would have the final decision as to his sentence. Brown further denied that he had ever promised Mitchener a sentence of time served and probation. Brown also testified that neither Mitchener nor his family had indicated to him, before or after the sentencing, that they understood Mitchener had been “promised” a lenient sentence.
 

 ¶ 6. The State also called Larry Willis, an employee of Brown and a first cousin of Mitchener. Willis testified that he had been present during numerous conversations between Brown and Mitchener, but he had never heard Brown guarantee that Mitchener would receive probation. He also testified that he had never known Brown to make promises concerning open pleas.
 

 ¶ 7. The circuit court denied Mitchener’s PCR motion, finding that his guilty plea was entered voluntarily and that Mitchener had not received ineffective assistance of counsel.
 

 STANDARD OF REVIEW
 

 ¶ 8. Our standard of review is well settled: we may not disturb the circuit court’s factual findings unless they are clearly erroneous.
 
 Lambert v. State,
 
 941 So.2d 804, 807(¶ 14) (Miss.2006). A finding of fact is clearly erroneous, although there is evidence to support it, when after reviewing the entire record this Court “is left with the definite and firm conviction that a mistake has been made.”
 
 Johns v. State,
 
 926 So.2d 188, 194(¶ 29) (Miss.2006). Where questions of law are raised, however, the applicable standard of review is de novo.
 
 Lambert,
 
 941 So.2d at 807(¶ 14).
 

 DISCUSSION
 

 1. Ineffective Assistance of Counsel
 

 ¶ 9. “In order to prevail on the issue of whether his defense counsel’s performance was ineffective, [the petitioner] must prove that his counsel’s performance was deficient and that he was prejudiced by counsel’s mistakes.”
 
 Kinney v. State,
 
 737 So.2d 1038, 1041(¶8) (Miss.Ct.App. 1999) (citing
 
 Strickland v. Washington,
 
 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). “There is a strong but rebuttable presumption that counsel’s conduct fell within the wide range of reasonable professional assistance.”
 
 Id.
 
 (citing
 
 Moody v. State,
 
 644 So.2d 451, 456 (Miss.1994)). Additionally, a petitioner is required to “allege both prongs of the above test with specific detail.”
 
 Coleman v. State,
 
 979 So.2d 731, 735(¶ 15) (Miss.Ct. App.2008) (citing
 
 Brooks v. State,
 
 573 So.2d 1350, 1354 (Miss.1990)).
 

 ¶ 10. Mitchener argues that Brown provided ineffective assistance of counsel in two respects.
 

 ¶ 11. First, Mitchener argues that Brown was ineffective in failing to ensure that testimony at the sentencing hearing was transcribed for appellate review. This Court has previously found this argument procedurally barred as raised for the first time on appeal and without merit because Mitchener failed to identify any resulting prejudice.
 
 See Mitchener v. State,
 
 964 So.2d 1188, 1195(¶ 21) (Miss.Ct.App.2007). Presented again, this argument is both procedurally barred and barred by the doctrine of res judicata. Furthermore, Mitchener again fails to identify any specific prejudice.
 

 
 *1221
 
 ¶ 12. Second, Mitchener argues that Brown was ineffective in misrepresenting the sentence Mitchener would receive if he pleaded guilty. Mitchener testified that Brown repeatedly guaranteed or promised him probation, and that he pleaded guilty as a result. We previously held:
 

 Mitchener’s claim that defense counsel misrepresented the length of sentence that would be imposed for a guilty plea is grounds for showing deficient performance under
 
 Strickland.
 
 And, Mitchener’s averment that he relied on the attorney’s misrepresentations and would not have pled guilty but for the assurance of receiving time served and probation states a claim under the prejudice prong of the
 
 Strickland
 
 test.
 

 Id.
 
 at 1194 — 95(¶ 18) (citations omitted). The circuit court, however, credited Brown’s testimony over Mitchener’s, and it found that Brown had not misrepresented the sentence Mitchener would receive.
 

 ¶ 18. On appeal, Mitchener alleges that this finding was clearly erroneous. He argues that the circuit court erred in rejecting the testimony of Mitchener and his four witnesses. Mitchener argues that this testimony was more specific and detailed than Brown’s, which he characterizes as a general denial. He also asserts that one of his witnesses, an employee of Mitchener’s accountant, was more credible because she had never met Mitchener in person and had no motive to lie.
 

 ¶ 14. We find that this argument is without merit because Mitchener essentially asks this Court to re-weigh the credibility of the witnesses. This exceeds the scope of our review, because “the trial judge, sitting in a bench trial as the trier of fact, has sole authority for determining [the] credibility of the witnesses.”
 
 Johns,
 
 926 So.2d at 194(¶ 29) (citing
 
 Mullins v. Ratcliff,
 
 515 So.2d 1183, 1189 (Miss.1987)).
 

 ¶ 15. The circuit court, in a detailed written opinion, rejected the testimony of Mitchener and his witnesses. It is evident from the record that the circuit court found Brown’s testimony more credible only after a thorough examination of the evidence before it. We can find no basis for disturbing these findings as clearly erroneous. This issue is without merit.
 

 2. Voluntary and Intelligent Guilty Plea
 

 ¶ 16. Mitchener argues that his guilty plea was not entered knowingly and voluntarily because it was induced by a misrepresentation of his counsel as to the sentence Mitchener would receive if he pleaded guilty. Mitchener’s argument here relies upon the same factual issues as his ineffective assistance of counsel claim, and, again, we can find no basis for disturbing the circuit court’s findings of fact. This issue is without merit.
 

 ¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.
 

 [1]
 

 .
 
 Mitchener v. State,
 
 964 So.2d 1188 (Miss.Ct. App.2007).