IRVING, P.J., for the Court:
¶ 1. On June 16, 2008, William Lee Green pleaded guilty to armed robbery. Following his plea, the Warren County Circuit Court sentenced Green to thirty-five years’ imprisonment in the custody of the Mississippi Department of Corrections. On April 22, 2010, Green filed a motion for post-conviction relief (PCR), which the circuit court denied. Feeling aggrieved, Green appeals and argues that: (1) his due process rights were violated because the circuit court failed to advise him of his right to appeal his sentence; (2) his plea was invalid because he never admitted the elements of armed robbery; (3) his sentence is illegal because it exceeds his life expectancy; and (4) he received ineffective assistance of counsel.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On May 8, 2007, a Warren County grand jury indicted Green for three counts of armed robbery under Mississippi Code Annotated section 97-3-79 (Rev.2006). As part of his plea agreement, the State agreed to dismiss Counts II and III in exchange for Green’s testimony against his codefendants. On June 16, 2008, Green pleaded guilty to one count of armed robbery, and the circuit court sentenced Green to thirty-five years’ imprisonment.
¶ 4. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 5. When reviewing a circuit court’s denial of a motion for post-conviction relief, factual findings will not be disturbed unless they are clearly erroneous. Presley v. State, 48 So.3d 526, 528-29 (¶ 10) (Miss.2010). However, questions of law are reviewed de novo. Id. at 529 (¶ 10).

1. Due Process Violation

¶ 6. Green alleges that his due process rights were violated because the cir *483 cuit court failed to inform him of his right to a direct appeal of his sentence. However, “our law has never required a trial judge to inform a criminal defendant about the right to appeal directly the sentence received based on a guilty plea.” Burrough v. State, 9 So.3d 368, 374 (¶ 20) (Miss.2009) (citing Coleman v. State, 979 So.2d 731, 733 (¶4) (Miss.Ct.App.2008)). As this Court pointed out in Coleman, a circuit court is only required to determine the following:
a. That the accused is competent to understand the nature of the charge;
b. That the accused understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law;
c. That the accused understands that by pleading guilty (s)he waives his/her constitutional rights of trial by jury, the right to confront and cross-examine adverse witnesses, and the right against self-incrimination; if the accused is not represented by an attorney, that (s)he is aware of his/her right to an attorney at every stage of the proceeding and that one will be appointed to represent him/ her if (s)he is indigent.
Coleman, 979 So.2d at 733 (¶ 5) (quoting URCCC 8.04(A)(4)). Additionally, the circuit court must determine that the defendant’s plea was given “voluntarily and intelligently.” Id. (quoting URCCC 8.04(A)(3)). Based on our review of the transcript from the plea hearing, the circuit court addressed whether Green was competent, advised him of the nature and consequences of his plea, informed him of the constitutional rights he was waiving by pleading guilty, and determined that his plea was voluntarily and intelligently given. Thus, we hold that the circuit court complied with the requirements of Rule 8.04(A)(4) and that the circuit court did not err by failing to inform Green of his right to a direct appeal of his sentence. This issue is without merit.

2. Validity of Guilty Plea

¶ 7. Green argues that his guilty plea is invalid because he never admitted to the elements of armed robbery. However, the transcript from the plea hearing completely belies Green’s argument. At the plea hearing, the State read the indictment, which included a recitation of the elements of armed robbery. Then, the circuit court asked Green: “[D]id you commit that crime?” He responded in the affirmative. Later, the circuit court asked: “[D]o you understand [that] you’re admitting that you did, in fact, commit the crime of armed robbery ... ?” Again, Green answered affirmatively. Based on the transcript from the plea hearing, Green was made aware of the elements of armed robbery and admitted that he had committed armed robbery. This issue is without merit.

3. Illegal Sentence

¶ 8. Green contends that his thirty-five-year sentence is illegal because it exceeds his life expectancy. However, Green did not object to his sentence at the sentencing hearing. Therefore, he must rely on plain error because otherwise the issue is procedurally barred. Cox v. State, 793 So.2d 591, 599 (¶¶ 33-34) (Miss.2001). Plain-error review is employed when a defendant’s substantive or fundamental rights are affected. Neal v. State, 15 So.3d 388, 403 (¶ 32) (Miss.2009). Our supreme court has held that the right to be free from an illegal sentence is a fundamental right. Sneed v. State, 722 So.2d 1255, 1257 (¶ 11) (Miss.1998). Therefore, this Court may review the issue under the plain-error doctrine.
¶ 9. The circuit court sentenced Green to thirty five years’ imprisonment. *484 Section 97-3-79 sets forth the punishment for armed robbery as follows:
[U]pon conviction, [a defendant] shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years.
Because Green pleaded guilty rather than being convicted by a jury, the circuit court was required under section 97-3-79 to sentence him to a term of imprisonment of at least three years but less than life. This Court has held: “When a jury does not recommend a life sentence on a conviction for armed robbery, the [circuit] court’s imposition of a sentence is proper where the [circuit] court takes into consideration the defendant’s life expectancy and ‘all the relevant facts necessary to fix a sentence for a definite term of years reasonably expected to be less than life.’ ” Trammell v. State, 62 So.3d 424, 432 (¶ 34) (Miss.Ct.App.2011) (quoting Lindsay v. State, 720 So.2d 182, 185 (¶ 9) (Miss.1998)).
¶ 10. At the sentencing hearing, the circuit court advised Green that it had consulted the United States Labor Tables for Life Expectancy, which estimated Green’s life expectancy at 47.1 years. Additionally, the circuit court consulted actuaiial tables and workers’ compensation tables, which estimated Green’s life expectancy at 42.9 and 51 years, respectively. Green’s thirty-five-year sentence is less than each of the life expectancies considered by the circuit court; therefore, his sentence does not amount to a life sentence and is not illegal. This issue is without merit.
A Ineffective Assistance of Counsel
¶ 11. Green alleges that he received ineffective assistance of counsel because his attorney failed to object when the circuit court accepted Green’s plea even though Green had not admitted the elements of armed robbery and had not been advised of his right to appeal his sentence. Additionally, Green contends that his attorney was ineffective for failing to object to Green’s sentence. As we have determined that Green admitted the elements of armed robbery at the plea hearing, that the circuit court was not required to advise Green of his right to a direct appeal of his sentence, and that his sentence is not illegal, Green’s claim of ineffective assistance of counsel is without merit.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
LEE, C.J., GRIFFIS, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.