CARLTON, J.,
for the Court:
¶ 1. This appeal stems from an order by the Wayne County Circuit Court dismissing Carl Watts’s motion for post-conviction relief (PCR) as time-barred. Finding no error, we affirm.
FACTS
¶2. On July 30, 2010, Watts filed a motion to withdraw his guilty plea, which the circuit court treated as a motion for PCR. In his motion, Watts stated that on July 15, 1992, he pled guilty to robbery. The circuit court accepted his guilty plea and sentenced him to five years in the custody of the Mississippi Department of Corrections (MDOC), with instructions for the sentence “to run concurrent to time in Clarke County Case #7169,” with credit for time served since his arrest on March 4, 1991. MDOC released Watts on March 8, 1993, at the expiration of his robbery sentence. However, Watts is currently incarcerated in the custody of the MDOC serving a life sentence for a separate robbery conviction.
¶ 3. On April 26, 2011, the circuit judge dismissed Watts’s motion for PCR as time-barred, finding that Watts had filed his motion eighteen years after the judgment of his robbery conviction. The circuit judge stated that Watts’s motion for PCR clearly exceeded the three-year statute of limitations found in Mississippi Code Annotated section 99-39-5(2) (Supp.2011). The circuit judge also stated that Watts had failed to demonstrate or even allege any exception that would allow the filing of a motion for PCR outside of the three-year statute of limitations.
¶ 4. Watts now appeals the dismissal of his motion for PCR.
STANDARD OF REVIEW
¶ 5. We acknowledge that a trial court’s dismissal of a motion for post-conviction relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). However, when issues of law are raised, the proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
DISCUSSION
¶ 6. In his motion for PCR, Watts claimed that his guilty plea was involuntary. Watts alleged that his plea was involuntary because the circuit judge failed to advise Watts of the minimum and maxi *725 mum sentences he could receive pursuant to the plea of guilty. Watts claimed that the record failed to show that he was informed of the potential sentences the court could impose. Watts also claimed that the circuit judge failed to inform him of his constitutional right to a trial by jury.
¶ 7. The controlling statute, section 99-39-5(2), states that a PCR motion must be filed within three years after the entry of the judgment of the conviction. The record shows that Watts’s judgment was entered on July 15, 1992, and that he failed to file his PCR motion until July 30, 2010, well beyond the three-year limitations period. Section 99-39-5(2) sets forth certain exceptions to the three-year limitations period, which include the following: (1) an intervening decision by either the United States Supreme Court or the Mississippi Supreme Court that would have actually adversely affected the outcome of the prisoner’s conviction or sentence; (2) a prisoner’s possession of evidence that was not reasonably discoverable at the time of the trial, but had such evidence been introduced at trial, it would have caused a different result; and (3) a prisoner’s claim that his sentence has expired or his probation, parole, or conditional release has been unlawfully revoked. The record and briefs reflect Watts raises no claim falling within these exceptions. Therefore, Watts’s PCR motion is time-barred.
¶ 8. The record before us contains a copy of the sentencing order for Watts’s guilty plea. The order, which Watts signed on July 15, 1992, reveals that the circuit judge questioned Watts, who was under oath, to ascertain the voluntariness of his guilty plea and that he understood the consequences of his plea. The order further reflects that after questioning Watts, the circuit judge found the following: that Watts intelligently, voluntarily, and knowingly waived his constitutional rights associated with a trial; that Watts knew the elements of the crime to which he pled guilty; that Watts understood the charge and its relation to him; that Watts understood the effect of his guilty plea and possible sentence; and that Watts received effective assistance of counsel. The record also shows Watts responded affirmatively when asked by the circuit judge whether Watts had read, in its entirety, his petition to plead guilty; whether he understood the petition; and whether the petition accurately reflected all negotiations by way of plea bargaining, if any. The circuit judge further questioned Watts regarding whether he was under the influence of any drugs, or was currently suffering, or had suffered, from any type of mental disease or disorder, all of which Watts answered negatively.
¶ 9. We acknowledge that Watts’s guilty-plea petition, upon which the order referenced above was based, does not appear in the record on appeal. However, the circuit court’s order sufficiently reflects that nothing in the record or in Watts’s PCR motion supports Watts’s claims that he entered his guilty plea involuntarily or without full understanding of the consequences of his plea.
¶ 10. Watts also asserts ineffective assistance of counsel, stating that his attorney failed to inform him of the minimum and maximum sentences that the court could impose. Watts also claims that his attorney failed to inform him of “his constitutional rights against self-incrimination.” Watts claims that his attorney’s failure to inform him of this right led him to unintelligently and involuntarily enter a guilty plea.
¶ 11. A claim of ineffective assistance of counsel is judged by the standard in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to establish a claim of ineffective *726 assistance of counsel, Watts must prove that his counsel’s performance was deficient and that his defense was prejudiced by his counsel’s deficient performance. Coleman v. State, 979 So.2d 731, 735 (¶ 14) (Miss.Ct.App.2008) (citing Strickland, 466 U.S. at 687, 104 S.Ct. 2052). “This standard is also applicable to the entry of a guilty plea.” Roland v. State, 666 So.2d 747, 750 (Miss.1995). Under Strickland, a strong, but rebuttable, presumption exists “that a counsel’s performance falls within the range of reasonable professional assistance.” Coleman, 979 So.2d at 735 (¶ 14). “To overcome this presumption, the defendant must show that there is a reasonable probability that, but for the counsel’s unprofessional errors, the result of the proceeding would have been different.’ ” Id. (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052).
¶ 12. In support of his claim, Watts offers only his own statements alleging deficiency on the part of his counsel. He provides no additional affidavits or any other forms of proof whatsoever. “In cases involving post-conviction collateral relief, ‘where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.’ ” Cherry v. State, 24 So.3d 1048, 1051 (¶ 6) (Miss.Ct.App.2010) (quoting Vielee v. State, 653 So.2d 920, 922 (Miss.1995)). Also, as discussed above, Watts’s sentencing order reflects that he possessed awareness of the minimum and maximum sentences that could be imposed by entering his guilty plea. Watts also acknowledged that he entered his plea voluntarily, knowingly, and wilfully. Additionally, the order shows that the circuit judge questioned Watts regarding his counsel’s performance, and the circuit judge ultimately found that Watts had received effective assistance of counsel. Watts has failed to prove any deficiency on the part of his counsel; therefore, this claim is without merit.
¶ 13. Watts next asserts that his counsel allowed him to enter a guilty plea to a defective indictment. Specifically, Watts states that his indictment failed to charge him with an intent to steal the property charged as stolen.[1] The record shows that Watts’s indictment charges him with “wilfully, unlawfully, feloniously, and knowingly” taking over $300, as well as food stamps, from another person “by violence to her person or putting her in fear of immediate bodily injury.” Moreover, non-jurisdictional defects in the indictment are waived upon entry of a plea of guilty. Brooks v. State, 573 So.2d 1350, 1352-53 (Miss.1990). Therefore, this issue is procedurally barred and without merit.
¶ 14. Watts also alleges that the circuit court denied him his statutory right to a speedy trial. Watts asserts that due to his counsel’s poor performance on his case, Watts failed to receive a trial within 270 days of his arraignment. However, as noted above, the sentencing order reflects that Watts waived his right to a trial when he entered his guilty plea. Accordingly, we find no error in the circuit judge’s dismissal of Watts’s motion for PCR.
¶ 15. THE JUDGMENT OF THE WAYNE COUNTY CIRCUIT COURT *727 DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WAYNE COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, RUSSELL AND FAIR, JJ., CONCUR. IRVING, P.J., AND MAXWELL, J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. ROBERTS, J., NOT PARTICIPATING.

. In Renfrow v. State, 34 So.3d 617, 625 (¶ 19) (Miss.Ct.App.2009), this Court held that the indictment at issue imposed a mens rea requirement since it contained language that included an allegation of willfulness. The Renfrow court explained that "[b]y including that language, the State imposed a mens rea requirement, and it was obligated to prove that aspect of the charge beyond a reasonable doubt.” Id. The record reflects that Watts's indictment charges him with "wilfully” taking money and food stamps; consequently, we find no merit to this issue.