¶ 1. Following the denial of his petition for post-conviction collateral relief (PCR) by the Circuit Court of Carroll County in which he argued that his conviction stemming from a guilty plea should be set aside, Derek A. Thompson, also known as "Booty," now appeals. Finding no error, we affirm.
 FACTS AND PROCEDURAL HISTORY ¶ 2. On November 4, 2004, Thompson pled guilty to the crime of armed robbery in the Circuit Court of Carroll County and was sentenced to twenty-five years in the custody of the Mississippi Department of Corrections. Throughout the plea process, Thompson was represented by retained counsel. Subsequent to his plea, Thompson filed a petition for PCR pro se which the trial court denied without requiring the State to file an answer. Thompson now appeals and argues that: (1) the trial court erred in not granting an evidentiary hearing; (2) his plea was not voluntarily, intelligently, and knowingly entered; (3) he received ineffective assistance of counsel; and (4) cumulative error warrants reversal.
 ANALYSIS ¶ 3. Our standard of review during consideration of a trial court's denial of a defendant's petition for PCR is clear: "[w]hen reviewing a lower court's decision to deny a petition for post[-]conviction relief[,] this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised[,] the applicable standard of review is de novo."Lambert v. State, 941 So.2d 804, 807 (¶ 14) (Miss. 2006) (quoting Brown v. State, 731 So.2d 595,598 (¶ 6) (Miss. 1999)).
I. WHETHER THOMPSON'S GUILTY PLEA WAS KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY GIVEN.
 ¶ 4. Thompson argues that his plea was not voluntarily entered because the trial court failed to advise him during the plea hearing that he had the right to representation by an attorney in the event he decided to go to trial. A plea of guilty is not binding upon a criminal defendant unless it is entered voluntarily and intelligently. Myers v. State,583 So.2d 174, 177 (Miss. 1991). A plea is viewed as voluntary and intelligent when the defendant is informed of the nature of the charges against him and the consequences of his *Page 268 
plea. Alexander v. State, 605 So.2d 1170, 1172
(Miss. 1992). Specifically, a defendant must be told that a guilty plea involves a waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self-incrimination. Id. (citingBoykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709,23 L.Ed.2d 274 (1969)). Additionally, a trial court must ensure that "if the accused is not represented by anattorney, that [he] is aware of [his] right to an attorney at every stage of the proceeding and that one will be appointed to represent [him] if [he] is indigent." URCCC 8.04(A)(4)(c) (emphasis added).
 ¶ 5. It is apparent from our review of Thompson's plea hearing that he was fully and thoroughly advised of his rights, including those rights which he waived as a consequence of his guilty plea. It is true the trial court did not advise Thompson that had he decided to forego the option of pleading guilty and proceeded to trial he would have had a right to counsel. However, Rule 8.04 makes clear that such a duty is only placed upon a trial court "if the accused is not represented by an attorney." Thompson was represented by retained counsel. Therefore, the trial court had no duty to advise Thompson that he had the right to counsel. Thus, we find there is no question that Thompson's guilty plea was knowingly, voluntarily, and intelligently entered. As such, this issue is without merit.
II. WHETHER THOMPSON'S TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL.
 ¶ 6. Thompson next argues that his trial counsel's assistance was constitutionally ineffective. The standard applied to claims of ineffective assistance of counsel was first articulated in Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Thompson must demonstrate that his counsel's performance was deficient and that this deficiency prejudiced his defense. Id.
at 687, 104 S.Ct. 2052. The burden of proof rests with Thompson to demonstrate that both prongs are satisfied, and we will measure the alleged deficiency within the totality of circumstances.Hiter v. State, 660 So.2d 961, 965 (Miss. 1995);Carney v. State, 525 So.2d 776, 780 (Miss. 1988). A presumption exists that the attorney's conduct was adequate.Burns v. State, 813 So.2d 668, 673 (¶ 14) (Miss. 2001); Stringer v. State, 454 So.2d 468, 477
(Miss. 1984).
 ¶ 7. Thompson argues that his attorney's representation was constitutionally deficient because he (1) allowed Thompson to plead guilty when his plea was not knowingly and voluntarily given, (2) let him proceed with the plea without understanding the charge and sentence procedures, (3) did not advise him that he had the right to counsel if he went to trial, and (4) did not object to the trial court's failure to advise him of his right to counsel. We find none of Thompson's proffered allegations of deficiency evince ineffective assistance of counsel.
 ¶ 8. First, we held above that the trial court's duty to advise Thompson of his right to counsel in this case was nonexistent. Thompson's trial counsel's lack of objection to a nonexistent duty of the trial court cannot be deficient performance. Similarly, Thompson's trial counsel's failure to advise his client that he had the right to an attorney if he chose not to plead guilty cannot be said to evince deficient performance. Furthermore, Thompson's petition to enter a guilty plea informed Thompson that if he chose not to plead guilty "the Constitution guarantee[d] [Thompson]: . . . d. the right to have the assistance of a lawyer at all stages of the proceedings." Additionally, during his *Page 269 
plea hearing Thompson stated that he had read the petition, gone over it with his attorney, and understood its contents. Therefore, even if we were to say that an attorney's failure to advise his client that he has the right to an attorney at trial, which we do not, the record completely contradicts Thompson's contention that he was not advised of his right to counsel.
 ¶ 9. Thompson's remaining allegations of ineffective assistance of counsel are equally without merit. He alleges that his trial counsel was deficient in allowing him to plead guilty and in allowing him to plead guilty without understanding the charge against him and the awaiting sentence. However, Thompson's assertions are, again, contradicted by the record. During the plea hearing, Thompson stated that he was pleading guilty to the crime of armed robbery for no other reason than he was guilty. Further, Thompson was fully informed of the charge and the evidence against him, as well as the State's sentencing recommendation, the minimum and maximum sentence allowed, and the fact that the trial court was not bound by the State's recommendation. We determined above that his plea was voluntarily entered. This included an understanding of the charge to which he was pleading to and the minimum and maximum sentence that his conviction would carry. Therefore, we cannot say that Thompson's trial counsel was deficient in "allowing" Thompson to knowingly, voluntarily, and intelligently plead guilty.
 ¶ 10. Additionally, during Thompson's plea hearing, the following colloquy took place:
 BY THE COURT: Now, have you had an opportunity to go over the nature of the charge that's been brought against you in this case with your attorney, Mr. Jones?
 BY THE DEFENDANT: Yes, sir.
 BY THE COURT: Has he advised you of the elements of the crime of armed robbery: that being the facts the State would have to prove before you could be found guilty?
 BY THE DEFENDANT: Yes, sir.
 BY THE COURT: Has he also discussed with you any possible defense you might have to the charges?
 BY THE DEFENDANT: Yes, sir.
 BY THE COURT: Has Mr. Jones performed up to your expectations and represented you in a fashion that you find to be acceptable?
 BY THE DEFENDANT: Yes, sir.
 BY THE COURT: And has he done the things that you would have expected him to do as your attorney and had your interests at heart at all times?
 BY THE DEFENDANT: Yes, sir.
 BY THE COURT: And are you completely and totally satisfied in all respects with the representation that you have received from Mr. Jones?
 BY THE DEFENDANT: Yes, sir.
This issue is without merit.
III. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT THOMPSON AN EVIDENTIARY HEARING.
 ¶ 11. Thompson argues that the trial court erred in failing to grant an evidentiary hearing. However, "a trial court may summarily dismiss a petition for PCR, without having held an evidentiary hearing, when it is clear that the petitioner is not entitled to relief. . . ." State v. Santiago,773 So.2d 921, 923-24 (¶ 11) (Miss. 2000) (citing Miss. Code Ann. § 99-39-11(2) (Supp. 1999)). As is evinced by our findings above, Thompson is, and was, not entitled to any relief. As such, the trial court was well within its power to dismiss Thompson's petition for PCR without conducting *Page 270 
an evidentiary hearing. This issue is without merit.
IV. WHETHER CUMULATIVE ERROR WARRANTS REVERSAL.
 ¶ 12. As his final argument, Thompson urges this Court to reverse his guilty plea conviction based upon the doctrine of cumulative error. "The cumulative error doctrine stems from the doctrine of harmless error . . . [which] holds that individual errors, which are not reversible in themselves, may combine with other errors to make up reversible error, where the cumulative effect of all errors deprives the defendant of a fundamentally fair trial." Harris v. State,970 So.2d 151, 157 (¶ 24) (Miss. 2007) (quoting Ross v. State,954 So.2d 968, 1018 (¶ 138) (Miss. 2007)). However, reversal based upon cumulative error requires a finding or findings of error. Id. Because we found no error regarding Thompson's conviction, harmless or otherwise, this issue is without merit.
 ¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF CARROLLCOUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF ISAFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CARROLLCOUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR.