# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00502-COA

NEDRA PITTMAN A/K/A NEEDRA PITTMAN          APPELLANT
A/K/A NEADRA PITTMAN

v.

STATE OF MISSISSIPPI          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 03/04/2015 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ERNEST TUCKER GORE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALICIA MARIE AINSWORTH |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 06/07/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., CARLTON AND FAIR, JJ.**

**LEE, C.J., FOR THE COURT:**

## FACTS AND PROCEDURAL HISTORY

¶1. On September 26, 2006, Nedra Pittman pleaded guilty in the Washington County Circuit Court to one count of embezzlement and one count of uttering a forgery. The trial court ordered Pittman to serve identical sentences for each conviction: ten years with two years in the Intensive Supervision Program (ISP) and, upon successful completion of the ISP,

the remaining eight years suspended.[1] Both sentences were ordered to be served concurrently.

¶2. In February 2014, Pittman's probation was revoked,[2] and she was ordered to serve two years and ten months in the custody of the Mississippi Department of Corrections. On February 3, 2015, Pittman filed a motion for postconviction relief (PCR), alleging ineffective assistance of counsel. The trial court denied Pittman's PCR motion. Pittman now appeals, asserting that her trial counsel was ineffective.

## STANDARD OF REVIEW

¶3. When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if it is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012).

## DISCUSSION

¶4. In her only issue on appeal, Pittman contends her trial counsel was ineffective. Specifically, Pittman argues that at the time she entered her guilty plea, she was not aware that she could receive house arrest or that the trial court could reject the State's recommended sentence. The State's recommended sentence was ten years, with all ten years suspended and five years of supervised probation.

---

[1] The first five years were under supervised probation, with the remaining three under unsupervised probation.

[2] Pittman had successfully completed the ISP, but violated the terms of her probation when she was arrested in Arkansas for breaking and entering and property theft.

¶5.     The trial court determined that Pittman's PCR motion was time-barred pursuant to Mississippi Code Annotated section 99-39-5(2) (Rev. 2015).  Since Pittman pleaded guilty, she had three years after the entry of the judgment of conviction to file a PCR motion.  *Id*. Pittman's judgment of conviction was filed on September 27, 2006, and her PCR motion was filed on February 3, 2015, well after the three-year time limit.  Although certain claims are exempt from the time-bar, claims of ineffective assistance of counsel, as well as involuntary guilty pleas, are not.  *See Smothers v. State*, 176 So. 3d 145, 147 (¶6) (Miss. Ct. App. 2015); *Salter v. State*, 64 So. 3d 514, 518 (¶14) (Miss. Ct. App. 2010).

¶6.     Regardless of the time-bar, we will address Pittman's issue.  In order to succeed on a claim of ineffective assistance of counsel, the defendant must prove that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  "In the context of guilty pleas, this means the defendant must show that, were it not for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial."  *Burrough v. State*, 9 So. 3d 368, 375 (¶22) (Miss. 2009) (citation omitted).  Furthermore, the defendant must produce "more than conclusory allegations on a claim of ineffective assistance of counsel."  *Carpenter v. State*, 899 So. 2d 916, 921 (¶23) (Miss. Ct. App. 2005).  "In cases involving [postconviction] collateral relief, 'where a party offers only [her] affidavit, then [her] ineffective assistance of counsel claim is without merit.'"  *Watts v. State*, 97 So. 3d 722, 726 (¶12) (Miss. Ct. App. 2012) (quoting *Vielee v. State*, 653 So. 2d 920, 922 (Miss. 1995)).

¶7.     Pittman's sentencing order reflects that she knew the minimum and maximum

sentences that could be imposed by entering her guilty plea. She also acknowledged that she entered her plea voluntarily, knowingly, and willfully. Additionally, the order shows that the trial court questioned Pittman regarding her counsel's performance, and the trial court ultimately found that she had received effective assistance of counsel. The record also indicates Pittman knew the trial court did not have to accept the State's recommendation. Pittman has failed to prove any deficiency on the part of her counsel; therefore, this claim is without merit.

**¶8. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**