# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-01123-COA

**BOBBY CAMPBELL A/K/A BOBBY JOE CAMPBELL A/K/A BOBBY RAY CAMPBELL A/K/A BOBBY RAY DOTSON A/K/A WILLIE DOTSON A/K/A ROBERT JACKUE CAMPBELL**                                          APPELLANT

v.

**STATE OF MISSISSIPPI**                                          APPELLEE

DATE OF JUDGMENT:               07/19/2016
TRIAL JUDGE:                    HON. WAYMAN DAL WILLIAMSON
COURT FROM WHICH APPEALED:      JONES COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:         BOBBY CAMPBELL (PRO SE)
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE
NATURE OF THE CASE:             CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:        MOTION FOR POST-CONVICTION COLLATERAL RELIEF DENIED
DISPOSITION:                    AFFIRMED - 06/06/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., ISHEE AND GREENLEE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1. This is an appeal from the Jones County Circuit Court's denial of Bobby Campbell's motion for post-conviction relief (PCR) as time-barred by the three-year statute of limitations, with no applicable exception. Finding no error, we affirm.

## FACTS AND PROCEEDINGS BELOW

¶2. Campbell pleaded guilty to aggravated assault on April 21, 2011. He was sentenced to twelve years in the custody of the Mississippi Department of Corrections, with four years

suspended and eight years to serve, followed by four years of post-release supervision. On June 28, 2016, he moved for PCR alleging that (1) his indictment was defective, (2) his indictment was improperly amended, (3) he did not get the sentence his counsel said he might get, and (4) he was sentenced for his prior convictions on the same day. On July 19, 2016, the circuit court denied Campbell's motion for PCR as time-barred by the three-year statute of limitations, with no exception applicable. On July 26, 2016, Campbell appealed the circuit court's denial of his motion to this Court.

## DISCUSSION

¶3. A circuit court's denial of a PCR motion is reviewed for abuse of discretion and will not be disturbed unless the circuit court's decision was clearly erroneous. *Crosby v. State*, 16 So. 3d 74, 77 (¶5) (Miss. Ct. App. 2009).

¶4. On appeal, Campbell reasserts that (1) his indictment was defective, (2) his indictment was improperly amended, (3) he did not get the sentence his counsel said he might get, and (4) he was sentenced for his prior convictions on the same day.[1]

**Time-Bar**

¶5. The Uniform Post-Conviction Collateral Relief Act contains a three-year statute of limitations, running from the entry of the judgment of conviction in the event of a guilty plea. Miss. Code Ann. § 99-39-5(2) (Rev. 2015). Campbell's motion was filed well after the three years had run. It is therefore time-barred. The statute expresses several exceptions to the time-bar. *See id*. at § 99-39-5(2)(a)-(b). When a time-barred PCR motion is filed, "the burden

---

[1] Campbell attempts to couch his third and fourth assertions as a claim of an illegal sentence, as he did with the circuit court.

falls on the movant to show he has met a statutory exception." *White v. State*, 59 So. 3d 633, 635 (¶8) (Miss. Ct. App. 2011) (citing *Adams v. State*, 954 So. 2d 1051, 1053 (¶7) (Miss. Ct. App. 2007)).

¶6.     Under section 99-39-5(2), there are six exceptions to the time-bar: (1) an intervening decision from the Mississippi or United States Supreme Court that would adversely affect the outcome of the conviction or sentence; (2) newly discovered evidence not reasonably discoverable at trial that would likely have caused a different result; (3) biological evidence demonstrating that the movant would likely either not have been convicted or received a lesser sentence; (4) the movant's sentence is expired; (5) his parole, probation, or conditional release has been unlawfully revoked; or (6) the motion is in a capital case and is filed no more than one year after conviction.

¶7.     Courts have also found errors affecting fundamental rights to be excepted from the time-bar. *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010). "But mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar." *White*, 59 So. 3d at 636 (¶11) (citing *Chandler v. State*, 44 So. 3d 442, 444 (¶8) (Miss. Ct. App. 2010)). Campbell's motion for PCR was filed over five years after his conviction. His motion is therefore barred by the three-year statute of limitations. Campbell has failed to provide any legitimate reason that the time-bar should not apply, nor do we find any. Thus, we find his motion is time-barred. Thus, we find this issue is without merit.

**CONCLUSION**

¶8.     We affirm the circuit court's denial of Campbell's PCR motion.

3

¶9.     **THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY, SECOND JUDICIAL DISTRICT, DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON AND WESTBROOKS, JJ., CONCUR.**