GREENLEE, J., FOR THE COURT:
¶ 1. This is an appeal from the Jackson County Circuit Court's denial of Jacob Wright's motion for post-conviction relief (PCR) as meritless. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Wright pleaded guilty to statutory rape and sexual battery. The Jackson County Circuit Court sentenced him to fourteen years to serve in the custody of the Mississippi Department of Corrections on each charge, with the sentences running concurrently, followed by sixteen years of post-release supervision. The court also fined Wright $1,000.
¶ 3. He moved for post-conviction relief. The court denied his motion, and Wright appeals. He contends that: (1) he received ineffective assistance of counsel; (2) his plea was involuntary; and (3) his constitutional right to a speedy trial was violated. We affirm the circuit court's judgment.
DISCUSSION
¶ 4. "A circuit court's denial of a PCR motion is reviewed for abuse of discretion and will not be disturbed unless the circuit court's decision was clearly erroneous." Campbell v. State , 233 So.3d 904, 905 (¶ 3) (Miss. Ct. App. 2017) (citing Crosby v. State , 16 So.3d 74, 77 (¶ 5) (Miss. Ct. App. 2009) ).
I. Did Wright receive ineffective assistance of counsel?
¶ 5. Wright contends that his attorney was constitutionally deficient for advising him that if he did not accept the State's recommendation, then he was guaranteed a 120-year sentence.
¶ 6. To succeed on an ineffective-assistance-of-counsel claim, "the defendant must prove that counsel's performance was deficient and that the deficient performance prejudiced the defense." Carson v. State , 161 So.3d 153, 155 (¶ 3) (Miss. Ct. App. 2014) (citing Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ). Additionally, the defendant must produce "more than conclusory allegations on a claim of ineffective assistance of counsel." Pittman v. State , 192 So.3d 1147, 1149 (¶ 6) (Miss. Ct. App. 2016) (quoting Carpenter v. State , 899 So.2d 916, 921 (¶ 23) (Miss. Ct. App. 2005) ). "In cases involving [post-conviction]
*1147 collateral relief, 'where a party offers only [his] affidavit, then [his] ineffective-assistance-of-counsel claim is without merit.' " Id. (quoting Watts v. State , 97 So.3d 722, 726 (¶ 12) (Miss. Ct. App. 2012) ).
¶ 7. The trial court found that Wright had offered "only a bare assertion that his lawyer was ineffective ...." Furthermore, the guilty plea and sentencing transcript reveals that Wright knew there was no minimum sentence and that the maximum sentence that could be imposed was sixty years. Wright also acknowledged that he willfully entered his plea and that he was fully satisfied with his attorney's services. Wright has failed to prove any deficiency on the part of his attorney; therefore, under an abuse-of-discretion standard, we find this claim is without merit.
II. Was Wright's plea involuntary?
¶ 8. Closely related to the first issue, Wright asserts that because he received ineffective assistance of counsel, his plea was involuntary. Specifically, he states that he was "misled into believing that he was guaranteed a 120-year sentence if he did not plea[d] ...." As we stated above, he has failed to show that he received ineffective assistance of counsel.
¶ 9. "A defendant's guilty plea may be deemed involuntary if the evidence shows that the defendant was misinformed regarding the applicable minimum or maximum sentence and that the misinformation was never corrected by the defendant's attorney or during his plea colloquy." Bolton v. State , 243 So.3d 796, 801 (¶ 24) (Miss. Ct. App. 2018). As we discussed above, the circuit court clearly informed Wright that there was no minimum sentence and that the maximum sentence that could be imposed was sixty years; therefore, he was not misinformed. Under an abuse-of-discretion standard, we find Wright's involuntary-plea claim to be without merit.
III. Was Wright's constitutional right to a speedy trial violated?
¶ 10. Wright alleges again that his ineffective-assistance-of-counsel claim is the root of this issue. He asserts that because his attorney was deficient, his waiver of the constitutional right to a speedy trial is invalid. Therefore, he calls upon our court to reverse his conviction.
¶ 11. If a defendant voluntarily pleads guilty to an offense, then he waives all nonjurisdictional rights to trial-including the constitutional right to a speedy trial. Anderson v. State , 577 So.2d 390, 391-92 (Miss. 1991). Furthermore, that guilty plea is "binding where it is entered voluntarily, knowingly, and intelligently." Kyles v. State , 185 So.3d 408, 411 (¶ 5) (Miss. Ct. App. 2016). Again, the record indicates that Wright voluntarily, knowingly, and intelligently entered his plea and that he was fully satisfied with his attorney's services. As stated previously, his counsel was not ineffective. And, in pleading guilty, he waived his right to a speedy trial. We find this issue is without merit.
CONCLUSION
¶ 12. We find that the circuit court properly denied Wright's PCR motion because his counsel was not ineffective, his plea was not involuntary, and his constitutional right to a speedy trial was not violated. Thus, we affirm the circuit court's judgment.
¶ 13. AFFIRMED.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, WESTBROOKS AND TINDELL, JJ., CONCUR.