# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00785-COA

**MARION TUCKER A/K/A MARION C. TUCKER**  **APPELLANT**
**A/K/A MARION CHRISTOPHER TUCKER**

**v.**

**STATE OF MISSISSIPPI**  **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/09/2018 |
| TRIAL JUDGE: | HON. CHRISTOPHER A. COLLINS |
| COURT FROM WHICH APPEALED: | NESHOBA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MARION TUCKER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: LISA L. BLOUNT |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 04/21/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE J. WILSON, P.J., TINDELL AND C. WILSON, JJ.**

**TINDELL, J., FOR THE COURT:**

¶1. On July 17, 2017, Marion Tucker pled guilty to possession of methamphetamine, possession of clonazepam, and possession of marijuana in Cause No. 17-CR-0009 and upon conviction was sentenced to serve forty years in the custody of the Mississippi Department of Corrections (MDOC). Tucker also pled guilty to possession of a firearm by a felon, possession of hydrocodone and acetaminophen while in possession of a firearm, and possession of marijuana in Cause No. 17-CR-0011 and was sentenced to serve fifty years in the MDOC's custody. On April 11, 2018, Tucker filed an unsuccessful motion for post-conviction collateral relief (PCR) in the Neshoba County Circuit Court. Tucker now appeals

from the circuit court's denial of his requested relief and dismissal of his PCR motion. Upon review, we find no error and affirm the circuit court's judgment.

## FACTS AND PROCEDURAL HISTORY

¶2. On December 28, 2016, a grand jury indicted Tucker for possession of methamphetamine, possession of clonazepam, and possession of marijuana in Cause No. 17-CR-0009. Tucker was also indicted for possession of a firearm by a felon, possession of hydrocodone and acetaminophen while in possession of a firearm, and possession of marijuana in Cause No. 17-CR-0011. Additionally, the State indicted Tucker in both causes as a habitual offender pursuant to Mississippi Code Annotated section 99-19-83 (Rev. 2015) and as a second drug offender pursuant to Mississippi Code Annotated section 41-29-147 (Rev. 2013). On July 10, 2017, a jury trial commenced in Cause No. 17-CR-0009. That same day, Tucker decided to forgo the remainder of his trial and plead guilty for all charges in Cause No. 17-CR-0009 and Cause No. 17-CR-0011. The circuit court accepted Tucker's guilty pleas and sentenced him as a second drug offender to serve forty years in the MDOC's custody for possession of methamphetamine in Cause No. 17-CR-0009[1] and fifty years in the MDOC's custody for possession of a firearm by a felon and possession of hydrocodone and acetaminophen while in possession of a firearm in Cause No. 17-CR-0011,[2] with both sentences ordered to run consecutively for a total of ninety years to serve in the MDOC's

---

[1] Regarding his sentences for possession of clonazepam and possession of marijuana, the Court ordered Tucker to pay a $250 fine for each count, along with court costs.

[2] Regarding his sentence for possession of marijuana, the Court ordered Tucker to pay a $250 fine, along with court costs.

2

custody. In its sentencing orders, the circuit court also dismissed the habitual offender portions of Tucker's indictments.

¶3. On April 11, 2018, Tucker filed the subject PCR motion with the circuit court. On May 9, 2018, the circuit court denied Tucker's motion on the merits and dismissed it. Tucker now timely appeals from the circuit court's ruling.

## STANDARD OF REVIEW

¶4. We review the circuit court's denial or dismissal of a PCR motion using an abuse-of-discretion standard. *West v. State*, 226 So. 3d 1238, 1239 (¶3) (Miss. Ct. App. 2017). "[W]e will only disturb the [circuit] court's decision if it is clearly erroneous." *Id*. But we review the circuit court's legal conclusions de novo. *Id*.

## ANALYSIS

I. **Whether the circuit court erroneously sentenced Tucker as a habitual offender in Cause No. 17-CR-0009 and Cause No. 17-CR-0011.**

¶5. Tucker argues that the circuit court erroneously sentenced him as a habitual offender in Cause No. 17-CR-0009 and Cause No. 17-CR-0011. Specifically, Tucker argues that the habitual-offender portion of his indictment came after the words "against the peace and dignity of the state," making the indictment defective. Therefore, according to Tucker, the circuit court could not properly sentence him as a habitual offender.

¶6. The record does not support Tucker's assertions, however. Tucker's plea transcript and the circuit court's sentencing order both show that Tucker was not sentenced as a habitual offender. At the plea hearing, the circuit court ordered the following sentence based

3

upon the State's recommendation:

> Court: Does the State of Mississippi make recommendation for sentencing in Cause No. 17-[CR-00]09?
>
> State: Yes, Your Honor. In regards to Cause No. [17-CR-00]09, Count I of that indictment, that being the possession of methamphetamine, it's the recommendation of the State of Mississippi that the defendant be sentenced as a second drug offender **but not as a[] habitual offender** . . . . That being a total of 40 years in the Mississippi Department of Corrections as a second drug offender **but not as a[] habitual offender** and . . . with that sentence to run consecutive to any sentence that Mr. Tucker may currently be serving.
>
> Court: How about in Cause No. 17-[CR-00]11?
>
> State: In Cause No. 17-[CR-00]11, it's the State's recommendation in Count I, the possession of firearm by a convicted felon, that the defendant be sentenced to the custody of the Mississippi Department of Corrections for a period of ten years, with that ten years to run consecutive to the sentences imposed in [C]ause [No. 17-CR-00]09. . . . In Count II, the possession of hydrocodone and acetaminophen, which is doubled as being while in possession of a firearm, . . . to a period of 40 years . . . with that sentence to run consecutive to the ten years imposed in Count I . . . . That being a total sentence for both cases together being a sentence of 90 years in the Mississippi Department of Corrections as a second drug offender **but not as a habitual offender**. . . .

(Emphasis added).

¶7. Upon receiving the foregoing recommendation, the circuit court repeated:

> Court: The plea is not to the habitual offender portion of the indictment, which I understand the State of Mississippi will furnish me with an order dismissing that portion.
>
> State: I actually have it right now, Your Honor, a motion and an order on both causes.

4

¶8.     The circuit court entered orders for Cause No. 17-CR-0009 and Cause No. 17-CR-0011, sentencing Tucker to serve a total of ninety years in the MDOC's custody as a second drug offender. The sentencing orders specifically stated that "[t]he [c]ourt notes that the *Habitual Offender* portion of said indictment is to be dismissed by order of the State of Mississippi, through the Office of the District Attorney." Also, in its order denying Tucker's PCR motion, the circuit court repeated that it did not sentence Tucker as a habitual offender. We find it very clear from the record that Tucker was not sentenced as a habitual offender. Accordingly, we find that Tucker's assignments of error regarding his alleged sentences as a habitual offender lack merit.

## II.     Whether a factual basis existed for Tucker's guilty pleas.

¶9.     Tucker next argues that an insufficient factual basis existed for his guilty pleas, and therefore, his pleas were involuntary.[3] Prior to accepting a defendant's guilty plea, the circuit court must first decide whether the plea is voluntarily and intelligently made and whether a factual basis exists to support the plea. *Venezia v. State*, 203 So. 3d 1, 2 (¶6) (Miss. Ct. App. 2016). "There are many ways to establish a factual basis, including a statement of the prosecutor, the testimony of live witnesses, and prior proceedings, as well as an actual admission by the defendant." *Jenkins v. State*, 202 So. 3d 220, 222 (¶8) (Miss. Ct. App. 2016) (internal quotation mark omitted). This Court reviews the entire record to determine

---

[3] Tucker's brief addresses this issue twice. He first argues in "Issue Three" that there was no factual basis to support his guilty pleas, and therefore, the circuit court erroneously accepted the pleas. Tucker then states in "Issue Five" that his pleas were involuntary and unintelligently made because there was no factual basis to support them. Because Tucker's "Issue Three" and "Issue Five" both involve the factual basis underlying Tucker's pleas, we address both issues here.

whether a factual basis supported the defendant's plea. *Smith v. State*, 86 So. 3d 276, 280-81 (¶11) (Miss. Ct. App. 2012).

¶10.    Tucker contends that "nowhere in the entire record" will this Court find any factual basis to support his guilty pleas other than Tucker's own decision to plead guilty. Tucker correctly argues that "a factual basis is not established by the mere fact that a defendant enters a plea of guilty." *Carreiro v. State*, 5 So. 3d 1170, 1172 (¶8) (Miss. Ct. App. 2009) (quoting *Hannah v. State*, 943 So. 2d 20, 27 (¶16) (Miss. 2006)). But a factual basis can be established if the defendant pleads guilty and that plea includes "factual statements constituting a crime or [is] accompanied by independent evidence of guilt." *Id*. Furthermore, the State is not required to "flesh out" all the details it might bring forth at trial to establish a factual basis. *Smith*, 86 So. 3d at 281 (¶15) (quoting *Gaskin v. State*, 618 So. 2d 103, 106 (Miss. 1993)). "Fair inference favorable to guilt may facilitate the finding." *Id*.

¶11.    The record indicates that on July 10, 2017, the State had already presented its evidence at trial in Cause No. 17-CR-0009 when Tucker decided to enter his guilty pleas. Although the trial transcript is not before this Court, the plea transcript contains the following exchange:

> Court:    What would the State of Mississippi show at trial – of course in the cause before the Court, [Cause No. 17-CR-00]09, I believe I am familiar with the facts to this point as they have been developed [at trial]. How about in Cause No. [17-CR-00]11?
>
> State:    In Cause No. [17-CR-00]11, the State of Mississippi would show on or about June 30th, 2016, a traffic stop was initiated by Highway Patrol Trooper Brad Edmondson on a vehicle that was being driven by the defendant on County Road 505 near Hospital Road. Upon – I believe the traffic stop was for a no

6

seatbelt.

Ultimately the vehicle was searched. A quantity of 29 hydrocodone and acetaminophen pills were found in the vehicle, along with a handgun, a Ruger .380 caliber automatic handgun also found in the vehicle, and a small quantity of marijuana. I believe approximately five grams of marijuana in the vehicle and some additional paraphernalia in the vehicle as well. That's what the State would show in that cause.

Court:     Mr. Tucker, did you hear the statements that were just made by [the State]?

Tucker:    Yes, sir.

Court:     And you also, I believe were present during the trial that commenced this morning and that we've been going through.

All right. I am going to first ask you about the trial this morning. The case developed by the State of Mississippi through testimony of witnesses today, is that the truth?

Tucker:    Yes, sir.

Court:     So you're pleading guilty in Cause No. []17-CR-0009 to Counts I, II and III because you are guilty and for no other reason?

Tucker:    Yes, sir.

Court:     And you just heard the statements made by [the State] in Cause No. []17-CR-0011. Are those statements true?

Tucker:    Yes, sir.

Court:     Are you pleading guilty to Counts I, II and III in Cause No. []17-CR-0011 because you are guilty and for no other reason?

Tucker:    Yes, sir.

¶12. Regarding Cause No. 17-CR-0009, the foregoing exchange indicates that the State had presented testimony from several witnesses showing the facts and circumstances surrounding

7

Tucker's charges of possession of methamphetamine, possession of clonazepam, and possession of marijuana. After being present at the trial in this cause and hearing the evidence presented against him, Tucker chose to plead guilty and acknowledged on the record that the case, as developed through the State's witnesses, was truthful. In Cause No. 17-CR-0011, the State presented a fairly detailed account of the facts and circumstances surrounding Tucker's charges for possession of firearm by a felon, possession of hydrocodone and acetaminophen while in possession of a firearm, and possession of marijuana. Again, Tucker heard the factual statements presented by the State and agreed on the record that the statements were true. Upon reviewing the record as a whole, based upon the statements made during the plea colloquy by the State and Tucker, we find that a sufficient factual basis was established to support Tucker's plea. As such, this issue is without merit.

> **III.** **Whether Tucker was properly informed of his right to counsel, right to cross-examine witnesses at trial, and right against self-incrimination prior to entering his guilty plea.**

¶13. Next, Tucker claims that his pleas were not voluntary because the circuit court erroneously failed to advise him as to his right to counsel, right to cross-examine witnesses at trial, and his right against self-incrimination. "A plea is viewed as voluntary and intelligent when the defendant is informed of the nature of the charges against him and the consequences of his plea." *Thompson v. State*, 990 So. 2d 265, 267-68 (¶4) (Miss. Ct. App. 2008) (citing *Alexander v. State*, 605 So. 2d 1170, 1172 (Miss. 1992)). "Specifically, a defendant must be told that a guilty plea involves a waiver of the right to a trial by jury, the

right to confront adverse witnesses, and the right to protection against self-incrimination." *Id*. at 268 (¶14). The circuit court must also inform the defendant of his right to counsel at every stage of criminal proceedings if the defendant is not represented by counsel at the time of the plea. *Id*. (citing URCCC 8.04(A)(4)(c)).[4]

¶14. In his brief, Tucker again states that "[n]o where throughout the entire record" was he advised of these rights and that "this is in fact plain error committed by the judge." But Tucker's plea transcript again contradicts his assertions. During Tucker's plea colloquy, the circuit court advised him of his rights during the following exchange:

> Court: You understand that the purpose of this proceeding at this time this afternoon is to protect your constitutional rights. One of those is the right to a jury trial, something that we have begun today. Do you wish to continue with your jury trial?
>
> Tucker: No, sir.
>
> Court: Do you understand that if we continue with the jury trial, just as you have already seen, your lawyer could cross-examine witnesses on your behalf; you could call your own witnesses; you could testify yourself – as you did in the suppression hearing, you also could do it in front of a jury. If you elected not to testify in front of the jury, I wouldn't allow the State to comment on that fact or attempt to use that against you. Do you understand you would have those rights and protections at trial?
>
> Tucker: Yes, sir.

---

[4] At the time of Tucker's plea hearing on July 10, 2017, Uniform Rule of Circuit and County Court Practice 8.04 had been replaced by Mississippi Rule of Criminal Procedure 15.3 on July 1, 2017. Mississippi Rule of Criminal Procedure 15.3(d)(3) mirrors the language of Uniform Rule of Circuit and County Court Practice 8.04, stating that the circuit court must determine at the defendant's plea hearing "that, **if the accused is not represented by an attorney**, the accused is aware of the right to an attorney at every stage of the proceeding and that one will be appointed to represent the accused, if indigent." (Emphasis added).

. . . .

Court:      In addition to all of these constitutional rights, by pleading guilty you're also waiving your constitutional right against self-incrimination, your Fifth Amendment right to remain silent. You have to answer my questions. Therefore, you're waiving your right against self-incrimination. Do you understand you're waiving this valuable right?

Tucker:     Yes, sir.

. . . .

Court:      Knowing all of these things that we just talked about, do you still desire to go forward with your plea of guilty?

Tucker:     Yes, sir.

. . . .

Court:      So you're pleading guilty in Cause No. [17-CR-00]09 to Counts I, II and III because you are guilty and for no other reason?

Tucker:     Yes, sir.

. . . .

Court:      Are you pleading guilty to Counts I, II and III in Cause No. [17-CR-00]11 because you are guilty and for no other reason?

Tucker:     Yes, sir.

¶15. The circuit court then asked Tucker's counsel for a statement on the record regarding the voluntariness of Tucker's plea.

Court:      Mr. Thomas, do you know of any reason that Mr. Tucker is not offering knowing, free, voluntary, [and] intelligent pleas of guilty?

Thomas:     I do not, Your Honor.

10

¶16.   The record clearly shows that the circuit court did advise Tucker of his right to cross-examine witnesses and his right against self-incrimination.  Therefore, Tucker's arguments to the contrary are misplaced.  The record also shows that Tucker was represented by counsel, and the circuit court had no duty to advise Tucker of his right to counsel. *Thompson*, 990 So. 2d at 268 (¶5).  We therefore find that Tucker's guilty plea was knowingly, intelligently, and voluntarily made.  As such, this issue is meritless.

**IV.    Whether Tucker received ineffective assistance of counsel.**

¶17.   Tucker also argues that he received ineffective assistance of counsel.  To prevail in his ineffective-assistance-of-counsel claim, Tucker must satisfy both prongs of the test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and adopted in Mississippi in *Stringer v. State*, 454 So. 2d 468, 476-78 (Miss. 1984).  "First, the defendant must show that counsel's performance was deficient.  Second, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lovett v. State*, 270 So. 3d 133, 135 (¶5) (Miss. Ct. App. 2018) (citations and internal quotation marks omitted) (quoting *Strickland*, 466 U.S. at 687), *cert. dismissed*, 260 So. 3d 800 (Miss. 2019).  In addition, "the defendant must produce more than conclusory allegations on a claim of ineffective assistance of counsel." *Wright v. State*, 270 So. 3d 1145, 1146 (¶6) (Miss. Ct. App. 2018) (internal quotation mark omitted) (quoting *Pittman v. State*, 192 So. 3d 1147, 1149 (¶6) (Miss. Ct. App. 2016)), *cert. denied*, 268 So. 3d 1280 (Miss. 2019).

¶18.   Tucker claims that his counsel was ineffective because his counsel never explained

11

the State's burden of proof in Cause No. 2017-CR-0011. He also states that his counsel "had knowledge that his indictment was fatally defective" but "stood idly by" while the circuit court "ambushed" him with a ninety-year sentence. Finally, Tucker claims that his counsel used subtle coercion to convince him to plead guilty rather than continue with trial. But Tucker offers nothing more than mere conclusory allegations to support his contentions. Furthermore, his plea transcript again contradicts his allegations. At his plea hearing, Tucker clearly advised the circuit court that he was satisfied with his counsel's representation, as evidenced below:

Court:      Has [your lawyer] given you good advice?

Tucker:     Yes, sir.

Court:      Has he answered all the questions you've asked of him?

Tucker:     Yes, sir.

Court:      Have you got any complaint to make about his representation of you?

Tucker:     No, sir.

Court:      **Then I take it you are fully satisfied with him as your lawyer?**

Tucker:     **Yes, sir. He's very good.**

(Emphasis added).

¶19.    The circuit court then inquired as to whether Tucker's counsel explained the various charges to Tucker and the maximum and minimum sentences for those charges, and Tucker responded affirmatively. In its order denying Tucker's PCR motion, the circuit court found nothing to substantiate Tucker's ineffective-assistance-of-counsel claim. Upon review of the

12

record, we agree. At the plea hearing, Tucker clearly expressed his satisfaction with his counsel's performance and explanation of the criminal proceedings, and we place great weight upon those statements made under oath. *See Williams v. State*, 923 So. 2d 242, 245 (¶9) (Miss. Ct. App. 2006). He now offers no proof to rebut these on-the-record statements, and as such, we find that he has failed to meet his burden of proof under *Strickland*. Therefore, we find this issue to also be meritless.

## CONCLUSION

¶20. Upon review, we find no error in the circuit court's denial of Tucker's requested relief and dismissal of his PCR motion. We therefore affirm the circuit court's judgment.

¶21. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**