# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00117-COA

**CURTIS WINGO A/K/A CURTIS LEE WINGO**           **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**           **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/13/2020 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER JR. |
| COURT FROM WHICH APPEALED: | WINSTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CURTIS WINGO (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAUREN GABRIELLE CANTRELL |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 01/19/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., GREENLEE AND WESTBROOKS, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1. Curtis Wingo appeals from the Winston County Circuit Court's denial of his motion for post-conviction collateral relief (PCR). Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. In 1999, Wingo was indicted as a habitual offender for felony driving under the influence. He pled guilty on May 12, 1999. Wingo subsequently backed out of the plea agreement. He was convicted and sentenced to life in prison without eligibility for parole.

¶3. On May 27, 2019, Wingo filed his sixth motion for post-conviction relief (PCR). He claimed that he was entitled to post-conviction relief because (1) the portion of the

indictment charging him as a habitual offender was defective; (2) the circuit court incorrectly advised him that he could not appeal his sentence; and (3) a witness's name (Tammy Thigpen) was not provided to his attorney in discovery. The circuit court held that the claims in Wingo's PCR motion were barred by the statute of limitations and as successive. In addition to the procedural bars, the circuit court found that Wingo's claims failed on the merits.

¶4. Aggrieved, Wingo now appeals. He makes two clear allegations of error by the circuit court in denying his motion for post-conviction relief: (1) that his sentence was illegal due to a defect in the habitual offender portion of the indictment; and (2) that allowing Tammy Thigpen to testify at his sentencing hearing was improper because her name was not disclosed in discovery in violation of his due process rights, and she was not subpoenaed for the hearing. Wingo also suggests that he received ineffective assistance of counsel.

## STANDARD OF REVIEW

¶5. "When reviewing a [circuit] court's denial or dismissal of a PCR motion, we will only disturb the [circuit] court's decision if it is clearly erroneous; however, we review the [circuit] court's legal conclusions under a de novo standard of review." *Williams v. State*, 228 So. 3d 844, 846 (¶5) (Miss. Ct. App. 2017) (quoting *Thinnes v. State*, 196 So. 3d 204, 207-08 (¶10) (Miss. Ct. App. 2016)).

## DISCUSSION

¶6. The Uniform Post-Conviction Collateral Relief Act (UPCCRA) provides that parties have only three years from the date of judgment on a conviction to file a PCR motion. Miss.

Code Ann. § 99-39-5(2) (Rev. 2015). On September 29, 2000, Wingo filed his first, and only timely, PCR motion. Over the next 18 years, he filed four other PCR motions (excluding this one)—all of which have been held to be time barred. Although not present in this PCR motion, there are instances in which this Court has "found errors affecting fundamental rights to be excepted from the time-bar." *Campbell v. State*, 233 So. 3d 904, 906 (¶7) (Miss. Ct. App. 2017). Wingo has made vague allegations of due process violations as discussed more fully below, "[b]ut mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar.'" *Id.* (quoting *White v. State*, 59 So. 3d 633, 635 (¶11) (Miss. Ct. App. 2011)). This PCR motion was filed eighteen years after the expiration of the limitations period. We find no exception applies, and the motion is time-barred.

¶7. Under the UPCCRA any order denying or dismissing a PCR motion is a bar to a second or successive PCR motion. Miss. Code Ann. § 99-39-23(6) (Rev. 2015). In Wingo's case, this is the fifth PCR motion filed since the denial of his initial PCR motion in 2000. We have reviewed Wingo's submissions and find that none of the allegations raised involve fundamental rights that would give rise to an exception from the successive-writ bar.

¶8. In his PCR motion, Wingo alleges that his sentence was illegal because the habitual offender portion of the indictment was incomplete. The rule in effect at the time of indictment was Uniform Rule of Circuit and County Court Practice 11.03, which required that the date of the prior judgment be specified. The indictment against Wingo listed the county, cause number, charge, and sentence. For the date, only the month and year were given (i.e., September 1989)—the day was omitted. We do not find that this omission

3

renders the indictment defective or Wingo's sentence illegal. In *Vanwey*, we held that where the dates of judgment were omitted, there was still enough information to be able to determine the date of judgment. *Vanwey v. State*, 168 So. 3d 1024, 1026-27 (¶12) (Miss. Ct. App. 2013). Not only did the indictment contain enough information for Wingo to be able to ascertain the dates of judgment, Wingo acknowledged his habitual offender status and admitted to the prior felonies during his plea colloquy.

¶9. Wingo also alleges in his PCR motion that his sentence is illegal because Tammy Thigpen was improperly allowed to testify, and without her testimony, the State would have been unable to prove that he was a habitual offender. Wingo sets forth two reasons that Thigpen should not have been allowed to testify: (1) she was not listed as a witness in the State's discovery responses; and (2) she was not subpoenaed to attend the sentencing hearing. Both of these reasons are without merit.

¶10. During discovery the State was required to provide names of all "witnesses in chief" to be offered at trial. URCCC 9.04. Despite only having to provide the names of witnesses for trial (as opposed to sentencing) the State clearly indicated in its discovery responses that someone "would testify at sentencing regarding the habitual [offender] portion of the indictment." Thigpen, an assistant chief-of-records for the Mississippi Department of Corrections (MDOC), was not a witness in chief at trial but was an authenticating witness at the sentencing hearing, so her name was not required to be disclosed. We have previously held that testimony of a supervisor in the MDOC records department is sufficient evidence to prove habitual offender status. *Sumrell v. State*, 163 So. 3d 997, 1000-01 (¶¶8-9, ¶14)

4

(Miss. Ct. App. 2015). Additionally, counsel for Wingo did not object to Thigpen's testimony or even cross-examine her. The State, through Thigpen's testimony and the use of certified MDOC records, proved Wingo's habitual offender status beyond a reasonable doubt, and Wingo had the opportunity to challenge the proof against him but did not.

¶11. Wingo's second allegation of error regarding Thigpen's testimony is that the State did not subpoena her to testify at the sentencing hearing. It is not unusual for a subpoena not to be issued for a friendly witness like Thigpen, although we note that failure to subpoena a witness may be detrimental to a party. *In re E.G.*, 191 So. 3d 763, 774-75 (¶¶36-37) (Miss. Ct. App. 2016). We know of no statute, caselaw, or rules of court under which a party is required to subpoena a witness to testify.

¶12. To the extent Wingo's reply brief argues ineffective assistance of counsel, we are not required to rule on this issue. Generally, the "failure to raise an issue in the circuit court operates as a waiver and renders that issue procedurally barred on appeal." *Bass v. State*, 174 So. 3d 883, 885 (¶6) (Miss. Ct. App. 2015) (citing Miss. Code Ann. § 99-39-21(1) (Rev. 2007)). Wingo did not present this argument in the PCR motion that was before the circuit court, and, as discussed elsewhere in this opinion, there has been no showing of any error that affected his fundamental rights.

**CONCLUSION**

¶13. Wingo has failed to demonstrate that any exception exists to either the time-bar set forth in Mississippi Code Annotated section 99-39-5(2) or the successive-writ bar set forth in Mississippi Code Annotated section 99-39-23(6). Notwithstanding the procedural bars,

5

we also find that the motion is without merit.  The circuit court properly denied Wingo's PCR motion.

¶14.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.  SMITH, J., NOT PARTICIPATING.**